## PEOPLE'S STATE BANK OF HARTVILLE, MO., v. JAMES et al.

No. 15950—Opinion Filed Feb. 9, 1926.

Rehearing Denied May 11, 1926.

**1. Appeal and Error—Review—Sufficiency of Evidence in Law Action Tried to Court.**

A judgment reached in the trial of a law action to the court will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the judgment.

**2. Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by the People's State Bank at Hartville, Mo., against S. J. James to recover debt. Garnishment proceedings ran against the American National Bank of Ardmore. Bessie James intervened in the cause claiming to be the owner of the funds garnished. Judgment for Bessie James, and the People's State Bank brings error. Affirmed.

E. Moore and Riddle & Dudley, for plaintiff in error.

Trice & Davidson and R. A. Howard, for defendants in error.

Opinion by STEPHENSON, C. The People's State Bank of Hartville, Mo., commenced its action against S. J. James in the district court of Carter county to recover indebtedness on a note. The plaintiff caused certain money in the hands of the American National Bank of Ardmore to be garnished as the funds of the defendant. Bessis James intervened in the cause, and alleged that she was the owner of the money. The trial of the cause resulted in a judgment for Bessie James. The plaintiff has appealed the cause here, and assigns as error that the judgment in favor of Bessie James is contrary to the law and the evidence.

The evidence discloses that S. J. James was the owner of a tract of land situated in Carter county. A contract was entered into by and between S. J. James and a party by the name of Eagle, for the sale of the land to the latter. S. J. James and Bessie James executed their joint deed for the conveyance of the property to the purchaser. A draft was attached to the deed, drawn on Mr. Eagle for the purchase price, which was indorsed by S. J. James and made payable

to the order of his wife, Bessie James. The draft was attached to the deed and forwarded to the American National Bank for collection. The purchaser paid the draft, received the deed, and the proceeds of the draft were placed to the credit of Bessie James. The court found that the draft was indorsed to and made payable to the order of Bessie James when it reached the American National Bank of Ardmore for collection, and that the money sought to be garnished as the property of S. J. James, was, in fact, the property of Bessie James.

It would serve no useful purpose to detail the evidence introduced in the trial of this cause. There is sufficient, competent evidence reasonably tending to support the judgment in favor of Bessie James. This court will not reverse a judgment reached in the trial of a law action to the court, if there is any competent testimony which reasonably tends to support the judgment. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879 § 2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 4 C. J. p. 1129 § 3122.