## OKLAHOMA WHEAT POOL ELEVATOR CORPORATION v. RANDOLPH, Adm'x.

No. 24559.   May 14, 1935.

Simons, McKnight, Simons, Mitchell & McKnight, for plaintiff in error.

I. H. Lookabaugh, for defendant in error.

PER CURIAM. For some years prior to 1930, Joe Jantzen had been occupying the farm of D. S. Randolph in Blaine county, Okla., under written contract on a cash rental basis for the successive years, and at that time this contract was orally renewed for the year running from August, 1930, to August, 1931. About the 1st of July, 1931, Jantzen was behind with this rent in the sum of $225, and was threshing and delivering his wheat to the Oklahoma Wheat Pool Elevator Corporation, when Alice Randolph as the administratrix of the estate of D. S.

Randolph, deceased, sued him for his back rent and ran garnishment process on the Oklahoma Wheat Pool Elevator Corporation in connection therewith. Jantzen made default in the action, and the Oklahoma Wheat Pool Elevator Corporation answered that it was indebted to Joe Jantzen in the sum of $82.99 for certain wheat which it had bought of him, and that it further had in its possession approximately 255 bushels of wheat belonging to Jantzen. Garnishee further stated in its answer that the State Guaranty Bank of Okeene had a chattel mortgage on this wheat, and asked that it be made party defendant in the action so that all priorities and rights of the parties could be determined.

The plaintiff joined issue on this answer, and a jury was waived by the parties, and, upon trial before the court, judgment was rendered in favor of the plaintiff and against the garnishee in the sum of $224.65, and further adjudged that the garnishee had in its possession 255 bushels and 10 pounds of wheat belonging to Joe Jantzen, which it was ordered to sell in the open market and pay money into court, after deducting storage. From this judgment, the garnishee prosecutes this appeal. We shall refer to the parties as they appeared in the court below.

The petition in error of the garnishee sets up only three grounds for alleged error, to wit:

"1. The court erred in overruling the motion of the plaintiff in error for a new trial.

"2. That the court committed error in rendering said judgment in favor of the defendant in error in that such judgment is not sustained by any competent evidence and is against the clear weight of the evidence.

"3. The court committed error in rendering said judgment as aforesaid in that said judgment is contrary to law".

It is contended that the evidence showed that approximately 509 bushels of the wheat in controversy was the property of the Rosedale Threshing Company and not the property of Joe Jantzen. In this connection the garnishee further contends that the Rosedale Threshing Company was a co-partnership, and that its wheat could not be taken for the debt of Joe Jantzen until there had been an accounting with respect to the partnership funds. However, the Rosedale Threshing Company was the property of Jantzen Brothers, and was run by Joe Jantzen; the Rosedale Threshing Company did not raise a single bushel of the wheat in controversy; the wheat was raised entirely by Joe Jantzen and on the D. S. Randolph farm. While part of this wheat was put in the elevator in the name of the Rosedale Threshing Company, the only conclusion that we can reach under the evidence is that this was done to evade garnishment process against the name of Joe Jantzen and to defeat the administratrix in the collection of her money.

It is not necessary to discuss the evidence in detail, as the case is a law action, and this court has so many times held that in a law case tried by the court without a jury the judgment of the trial court will be given the same consideration as the verdict of a jury under proper instructions, that we will not again cite authorities to maintain the principle. While this court is not called upon to weigh the evidence in a case like the one at bar, we will make the observation in passing that we have read the entire transcript of the evidence, and thoroughly agree with the conclusions and findings of the trial court as reflected by the judgment appealed from.

While the question is not properly preserved for review by this appeal, complaint is made in the brief of garnishee that the trial court refused to make the State Guaranty Bank of Okeene a party defendant to the action on the motion of garnishee. Section 627, Okla. Stats. 1931, provides that upon a showing in the answer that any other person has an interest in property under garnishment process, and which is the subject-matter of the litigation, "the court may, on motion, order that such claimant be interpleaded, as a defendant to the garnishee action".

Attention is called to the fact that this statute is not mandatory, but provides on its face that the court "may * * * order that such claimant be interpleaded". Attention is further called to the fact that the bank was not asking that it be permitted to come into the action, but the suggestion that it claimed an interest came from the garnishee. At the time of the trial, such showing was made to the court as was satisfactory to it that the bank was claiming no interest in the matter, and no contrary showing was made on behalf of the garnishee. The action of the trial judge in refusing to delay the proceedings to bring the bank into court was a reasonable exercise of discretion.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge E. A. Summers, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.