**Tana Rene BAKER, Appellee,**

v.

**Warren Lee BAKER, Appellant.**

**No. 62358.**

Court of Appeals of Oklahoma, Division No. 2.

Oct. 29, 1985.

Released for Publication by Order of Court of Appeals Dec. 3, 1985.

Gary W. Wood, Tulsa, for appellee.

David A. Cotter, Broken Arrow, for appellant.

MEANS, Judge.

Defendant appeals from the trial court's order refusing to exempt a joint checking account from garnishment. Defendant contended that some of the funds belonged to his present wife and thus the entire amount of the account was exempt from garnishment. The trial court found that because the funds had been commingled in a joint checking account, the funds had lost any separate identity which they might have had and were subject to garnishment. Having reviewed the record and applicable law, we reverse and remand.

Plaintiff and Defendant were divorced in April 1982. As part of the property division, Plaintiff was granted the following:

4. That Plaintiff be and she is hereby granted a money judgment as against Defendant in the sum of Ten Thousand Two Hundred Fifty-six and $^{96}/_{100}$ Dollars ($10,256.96). Said sum represents the unpaid balance of the Second Mortgage obligation in favor of Ford Consumer Credit Company ($10,856.96) *less* the sum of $600.00. Defendant shall pay said Judgment by making payments to Ford Consumer Credit Company at a monthly rate of One Hundred Eighty-five and no/100 Dollars ($185.00), and the principal amount of said Judgment shall be reduced to the same extent that the principal amount of the Second Mortgage loan obligation and payoff balance is reduced by virtue of said monthly payments. Defendant shall also be responsible and liable for any late charges or delinquent charges assessed by Ford Consumer Credit Company by virtue of Defendant's failure to make timely monthly payments.

Defendant remarried and established a joint bank account with his present wife. Both Defendant and his wife made deposits and withdrawals from the account. Defendant does not dispute that the account was a traditional joint account and that both he and his wife had the right to withdraw the entire amount.

On March 1, 1984, Defendant defaulted on his payments concerning the second mortgage. Subsequently, Plaintiff began garnishment proceedings for collection of the judgment.

Defendant responded to the garnishment with a claim for exemption and request for hearing, claiming the account was exempt because the funds were "Alimony, support, separate maintenance, or child support necessary for support of defendant or dependent—31 O.S. § 1.1." Defendant also claimed an exemption because the funds were "Separate funds of spouse Vicki Baker." Based on these alleged exemptions, Defendant declared that all the funds were exempt. Defendant did not claim the personal wage exemption of undue hardship allowed by 31 O.S.Supp. 1984 § 1.1.

At the hearing on April 16, 1984, the parties agreed that the payments on the judgment were in default. The basic facts concerning the account in question are undisputed. The checking account was a joint account between Defendant and his current wife, Vicki Baker. Defendant made deposits and withdrawals from the account with no restrictions of any type. Defendant had the right to withdraw the entire amount if he so desired. Defendant had not adopted his wife's children, nor did he have any legal responsibility to support the children.

Concerning Defendant's claim for exemption, the claim was not made under the exemption as necessary funds to maintain the household. Neither the wife nor the children sought to intervene, and Defendant claimed the exemption on the wife's behalf and not his behalf.

The court determined that the remaining balance of the judgment granted Plaintiff in the divorce decree, approximately $9,000, was the proper sum sought in the garnishment proceedings. The court further determined that the funds had lost their separate character when commingled in a joint account. The trial court found that garnishment of the joint account was proper and denied the exemption. Defendant has appealed.

Defendant raises two issues on appeal. He argues that the court erred in determining that a creditor may reach all funds in a joint tenancy bank account including individual child support funds deposited by one tenant. He further complains that because the divorce decree specified that Plaintiff's judgment was to be paid in monthly installments of $185, the court erred in determining that the entire unpaid balance was due.

## I

On appeal, Defendant asserts that a joint tenancy bank account can be reached by creditors of one of the tenants only to the extent of that tenant's equitable interest in the account. Although this question has never been reached by the Oklahoma Supreme Court, it has been answered by the courts of numerous other jurisdictions.

Traditional joint bank accounts have created problems in the courts because the relationships between the depositors and the bank do not fit into common law categories. The four unities of common law joint tenancy—time, title, interest and possession—are not easily applied to property which fluctuates sometimes daily. The common law presumption of a gift of the property from each joint tenant to the other is directly at odds with the joint bank account principle allowing each party to withdraw and use the entire amount. *See Leaf v. McGowan*, 13 Ill.App.2d 58, 141 N.E.2d 67 (1957).

In Oklahoma, a creation of a joint tenancy establishes a present estate in which both joint tenants are seized of the whole. *Clovis v. Clovis*, 460 P.2d 878, 881–82 (Okla.1969). Possession of one joint tenant is possession of all the joint tenants until the joint tenancy is destroyed. *Alexander v. Alexander*, 538 P.2d 200, 203 (Okla.1975). One joint tenant is presumptively entitled to the entire amount. *Urban v. Jackson*, 434 P.2d 889 (Okla.1967) (per curiam). The controlling question in determining the presence of a joint tenancy is the "intention of the parties making the deposit." *Dyer v. Vann*, 359 P.2d 1061, 1063 (Okla.1961) (per curiam). A joint tenancy may be created although the funds come from only one of the parties. *E.g., Jones v. Novotny*, 352 P.2d 905, 908 (Okla. 1960).

The law in Oklahoma setting out the rights of a judgment debtor who holds a bank account as a joint tenant with another is not clear. *Compare Flesher v. Flesher*, 258 P.2d 899 (Okla.1953) (joint tenant is a trustee or agent), *with Fortune v. City National Bank & Trust Co.*, 671 P.2d 69 (Okla.Ct.App.1983) (joint tenants each presumptively possess whole property at same time). The courts have struggled with traditional property, contract, and trust theories in cases involving property held by joint tenants. *See generally*, Sharp, *Attacking Joint Tenancy Property in Oklahoma Based on the Debt of One Joint Tenant*, 54 Okla.B.J. 3021 (1983).

Although joint interest is defined in 60 O.S.1981 § 74, as an interest owned in "equal shares," this traditional property definition is derived from the common law and does not always easily fit modern banking. The only definition found in the banking statutes is 6 O.S.1981 § 2024, relating to credit unions. Defendant argues that, based on 60 O.S.1981 § 74, the presumption is that joint tenants own *equal shares* in a joint account. Defendant would have "equal shares" synonymous with "fifty percent." However, the presumption in Oklahoma is that one joint tenant is presumptively entitled to the *entire amount. Urban v. Jackson; Shackelton v. Sherrard*, 385 P.2d 898 (Okla.1963).

While there is some authority to the contrary, most courts agree that a joint tenan-

cy bank account is garnishable by the creditor for a debt incurred by only one of the joint depositors. *See* Annot., 11 A.L.R.3d 1465 (1967). In *Tinsley v. Bauer*, 125 Cal. App.2d 724, 271 P.2d 116 (1954), the court allowed a garnishment of the joint account by the creditor of one joint tenant. The *Tinsley* court stated that the judgment creditor should not suffer because of the fact that the assets which the depositors claimed as exempt from the creditor's claim had been so commingled that the debtor could not demonstrate exactly how much was exempt from levy. The *Tinsley* court, like many other jurisdictions, allowed garnishment of a joint bank account in proportion to ownership.

Many of the courts that allow garnishment of a joint bank account in proportion to ownership hold that there is a presumption that all of the joint bank account is owned by the debtor. *Hayden v. Gardner*, 238 Ark. 351, 381 S.W.2d 752 (1964). Other courts are bound by statute in determining the presumption of ownership. *See, e.g., Musker v. Gil Haskins Auto Leasing, Inc.*, 18 Ariz.App. 104, 500 P.2d 635 (1972). In overcoming this presumption that all of the joint account is owned by the debtor, most courts place the burden on the depositors to prove that the actual ownership of the funds is otherwise. *E.g., Yakima Adjustment Service, Inc. v. Durand*, 28 Wash. App. 180, 622 P.2d 408 (1981). A few courts have held that a garnishment of a joint tenancy bank account severs the joint tenancy, creating a tenancy in common. *Walnut Valley State Bank v. Stovall*, 223 Kan. 459, 574 P.2d 1382 (1978).

A small minority of jurisdictions, most notably Minnesota, hold that the entire amount of the deposit in a joint bank account is subject to garnishment by a judgment creditor of one of the depositors. *Park Enterprises, Inc. v. Trach*, 233 Minn. 467, 47 N.W.2d 194 (1951). The *Park Enterprises* court found the creditor, in effect, was subrogated to the same unconditional rights of the joint tenant.

Plaintiff would have Oklahoma join this small minority. Indeed, Plaintiff contends that the rule in Oklahoma concerning creditors and joint property was established in *Gilles v. Norman Plumbing Supply*, 549 P.2d 1351 (Okla.Ct.App.1975). In *Gilles*, the husband owed a debt to his creditor. The creditor obtained a judgment against the husband and sold the car held by the husband and his wife as joint tenants in order to satisfy the judgment. When Mrs. Gilles sued the creditor for conversion, the court found that because the property was held in joint tenancy it was subject to levy and execution by either tenant's creditors.

While *Gilles* would seem to reflect a holding following the minority of our sister states, we are not persuaded that it governs our decision in the case on appeal. *Gilles* is easily distinguishable from the instant case. The *Gilles* court was not faced with funds in a joint account which were statutorily exempt from creditors. Here, the child support payments in the custody of the mother are clearly exempt from garnishment under 31 O.S.Supp.1984 § 1(A)(18).

Furthermore, *Gilles* involved an automobile rather than a joint checking account. Unlike other types of property where parties can readily choose the type of ownership which fits their intent and personal needs, banking institutions offer limited choices of ownership to customers. The customer is most generally presented with a choice of accounts fashioned by the financial institution and designed to protect its own interests rather than to define the rights and actual ownership of depositors. *See, e.g., Erhardt v. Leonard*, 104 Idaho 197, 657 P.2d 494 (1983). Often the printed forms prepared by the financial institution and signed by the depositors do not reflect the true intent of the owners, but are merely used for convenience. *See, e.g., Peyton v. McCaslin*, 417 P.2d 316 (Okla.1966); *Isenhower v. Duncan*, 635 P.2d 336 (Okla.Ct. App.1981). This inability of parties signing banking contracts to freely negotiate the terms has caused some courts to hold that such an agreement constitutes an adhesion contract. *Greenwood v. Beeson*, 253 Or. 318, 454 P.2d 633 (1969).

In further distinguishing *Gilles,* we note that the opinion was decided prior to *American National Bank and Trust v. McGinnis,* 571 P.2d 1198 (Okla.1977). The *McGinnis* court ruled that one joint tenant cannot encumber the interest of another, and held that a creditor's foreclosure on the property severed the joint tenancy. Thus the court allowed the creditor to foreclose on the extent of the debtor's property held in joint tenancy while protecting the interests of the other unsuspecting joint tenants.

The theory espoused by Plaintiff which would allow the creditor to reach the entirety of the funds held in a joint account has been criticized as unduly harsh. In *Leaf v. McGowan,* 13 Ill.App.2d 58, 141 N.E.2d 67 (1957), the court noted that garnishment was administered on equitable principles and as such sometimes involved innocent and unsuspecting parties. The court reasoned that these parties should be able to prove their interests. Thus, the court held:

> [T]hat if a garnishee answers that a judgment debtor holds money in a joint bank account, this is sufficient proof to establish a prima facie case for the judgment creditor that the money in the account belonged to the judgment debtor. The burden is then upon the other party to the joint account to prove what part, if any, of the funds in such account belonged to him.

Allowing the creditor to reach the joint account only to the extent of the debtor's interest protects innocent parties. As the Kansas Supreme Court noted in *Purma v. Stark,* 224 Kan. 642, 585 P.2d 991 (1978), regardless of the type of account which the debtor owns, the only interest in the account subject to garnishment is the actual interest owned by the debtor. The creditor cannot reach any farther than the debtor could. The debtor should thus be allowed to prove the extent of his equitable interest in the joint account.

We find the rule followed by a majority of jurisdictions to be more equitable than that proposed by Plaintiff. Parties to joint accounts, whether business associates, relatives, or marital partners, are often unaware of separate debts incurred by the other joint tenant. The instant case involves innocent and unsuspecting parties who, without the intervention of the court's equitable powers, will be forced to give up child support funds paid by a third party for the benefit of minor children. Such a harsh result is not dictated by Oklahoma law. Our courts are seldom reluctant to use their equitable powers in protecting the interests of joint tenants. *See, Ladd v. Oklahoma Tax Commission,* 688 P.2d 59 (Okla.1984).

Although Oklahoma courts hold that each tenant is presumed to own the entire amount of the account, one joint tenant or a third party may attack the joint tenancy even in the presence of a written agreement expressing clear and unequivocal intent to create a joint tenancy. *See, Presgrove v. Robbins,* 451 P.2d 961 (Okla. 1969). Furthermore, our courts are not averse to the introduction of parol evidence and the imposition of equitable principles to reach a just result. *Peyton v. McCaslin,* 417 P.2d 316 (Okla.1966); *Flesher v. Flesher,* 258 P.2d 899 (Okla.1953).

In keeping with the spirit of current Oklahoma law and the law set out in a majority of our sister jurisdictions, we find that a rebuttable presumption exists that the debtor who holds an interest in a joint account is entitled to use the entire account. Once it is presumed that the debtor, as a joint tenant, is entitled to the entire joint account, the burden is placed on the debtor or intervenor to prove otherwise. Such a result is the most equitable in light of the fact that the joint tenants are in effect contradicting the terms of their joint account agreement. Although joint owners may assume the risk that their cotenants will pay creditors voluntarily when they establish a joint bank account, these same joint owners may later seek to establish factual ownership different from the declared purpose of the account. In seeking to prove that the ownership of the account is other than "equal shares," the burden

should be placed on the joint owners and not the creditor. Clearly the burden of proof in Oklahoma is on that party who challenges the joint tenant's right to possess the entire amount. *Accord Barton v. Hooker*, 283 P.2d 514 (Okla.1955).

 The case is reversed and remanded with instructions that a rebuttable presumption exists that each joint tenant owns the entire account. This presumption may be rebutted using parol evidence. The burden of proof is on the party who seeks to prove that the joint account is not as it was created—in this case the debtor.

## II

Defendant objected at the hearing to the trial court's determination that the entire unpaid judgment was due. Defendant asserted that because the decree stated that he was to pay the judgment in monthly installments, the court's order finding the entire amount due on default was a modification of the judgment.

 The divorce decree provides for monthly payments. There is no acceleration clause or any other provision concerning default. Title 12 O.S.Supp. 1984 § 1289(A), states in part: "Payments pertaining to a division of property are irrevocable and not subject to subsequent modification by the court making the award." Section 1289 clearly prohibits the court from taking a judgment, which was ordered to be paid in installments, and setting the entire unpaid balance as due. The court's order finding the entire unpaid balance due is a statutorily prohibited modification. The judgment is reversed and remanded for a determination of the actual amount in default.

## III

 Defendant argues on appeal that his failure to make the payments is punishable only by contempt; however, he did not raise this argument in the court below. Issues not presented to the trial court for its consideration will not be considered for the first time on appeal. *Kepler v. Strain*, 579 P.2d 191, 193 (Okla.1978).

## IV

 As one final issue, we note that neither Defendant's wife, nor her children were made parties to the proceedings below. While 12 O.S.1981 § 1184, allows the garnishee in garnishment proceedings to disclose the names and addresses of any persons who claim the defendant's property, no party has moved to have Defendant's wife or her children interpleaded. A third party may generally interplead in a garnishment action since garnishment is in effect an attachment. *Dawson Produce Co. v. Cohn*, 172 Okla. 28, 43 P.2d 1034 (1935) (per curiam); 12 O.S.1981 § 241. The trial court has discretion to bring necessary parties before the court to determine claims to the property. *Oklahoma Wheat Pool Elevator Corp. v. Randolph*, 172 Okla. 219, 45 P.2d 83 (1935) (per curiam); 12 O.S.Supp. 1984 § 2019(A). In the instant case, no one has made Vicki Baker or her children a party to these proceedings. Instead, Defendant has attempted to claim the exemptions for them.

 Although neither Plaintiff nor Defendant has objected to the fact that Defendant's wife has not asserted her interest in the account, the better procedure would be for any joint tenant who asserts an equitable interest in the joint account to be added to the proceedings. While many times the interests of the joint tenants in defending against garnishment will be similar, their interests will not always be equal. *See, e.g., Allen v. Allen*, 275 Or. 471, 551 P.2d 459 (1976). A joint tenant who asserts that his interest is impaired by the garnishment should generally be made a party. Thus, that owner's interest may be fully protected.

The case is reversed and remanded for further proceedings consistent with this opinion.

REIF, P.J., concurs.

BACON, J., not participating.