977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Lester Ronel BARTOLINA and Kandi Renee Bartolina, Debtors.
Kenneth G.M. MATHER, Trustee, Appellant,
v.
Donna BARTOLINA, also known as Donna Snider, Appellee.
 No. 92-7003.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Bankruptcy trustee Kenneth G.M. Mather appeals from the district court's grant of partial summary judgment in favor of defendant Donna Bartolina with respect to the trustee's complaint seeking to avoid allegedly fraudulent transfers. We affirm.[1]
 
 
 3
 Our review requires us to develop the underlying facts and posture of this case in detail. The undisputed facts establish that in 1972 Ms. Bartolina and her husband Lester Felix Bartolina opened a joint share account at the Henryetta (Oklahoma) Federal Credit Union, now called First Family Credit Union. Mr. Bartolina died in 1978. In 1979, the name of Ms. Bartolina's son Lester Ronel Bartolina (debtor), also known as Ronnie Bartolina, was added to the signature card that controlled the joint share account in place of the late Mr. Bartolina's name. As a result of Mr. Bartolina's death, Ms. Bartolina received $10,000 in proceeds from his life insurance policy. She used these proceeds in 1979 to purchase a share certificate in the name of "Donna Bartolina and/or Ronnie Bartolina." In 1988, Ms. Bartolina used $15,000 in insurance proceeds from a fire loss to her home to purchase another share certificate in the name of "Donna Bartolina and/or Ronnie Bartolina and/or Becky Hight." Becky Hight is Ms. Bartolina's daughter. The debtor did not contribute any funds to the joint share account or for the purchase of the share certificates. He withdrew funds from the joint share account only with Ms. Bartolina's permission.
 
 
 4
 Aware of the debtor's financial problems, Ms. Bartolina in October 1989 transferred the balance in the joint share account to a new share account in her name only. She also presented the two share certificates to the credit union and had them reissued in her and Becky Hight's names only. Later that month the debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code.
 
 
 5
 The trustee brought this action in the bankruptcy court for the Eastern District of Oklahoma and asserted that the debtor had an interest in the joint share account and share certificates prior to Ms. Bartolina's divesting him of his interest. The trustee claimed that Ms. Bartolina's divestments of his interest were fraudulent transfers voidable under 11 U.S.C. §§ 544(b) and 548 because they were made within one year of the debtor's filing bankruptcy.
 
 
 6
 Both parties filed motions for summary judgment. In ruling on the motions on June 25, 1991, the bankruptcy court determined that the share certificates were ambiguous because they used the words "and/or" in identifying the certificates' owners. It determined that the debtor did not possess any legal or equitable interest in the certificates on the day of divestiture and granted Ms. Bartolina partial summary judgment on this issue. The court also found that the agreement governing the share account unambiguously recognized the debtor as co-owner of the account. The court therefore ordered a hearing at which Ms. Bartolina would be allowed to rebut the presumption that legal ownership of the account was equal.
 
 
 7
 The trustee appealed the bankruptcy court's grant of partial summary judgment to the district court. Without discussion of whether it had jurisdiction, the district court ruled on the appeal and affirmed the bankruptcy court in its order dated December 19, 1991. The district court agreed that the phrase "and/or" was ambiguous under Oklahoma law,[2] and that to resolve the ambiguity it was necessary to ascertain Ms. Bartolina's intent in purchasing the certificates. The district court stated that
 
 
 8
 [t]o ascertain this intent, the Bankruptcy Court 'looked to extrinsic evidence, including the sworn statements of the parties, [Ms. Bartolina's] retention of possession of the certificates, and debtor's lack of access to the funds, and it was determined that [Ms. Bartolina] only intended to make a future gift of the certificates and that debtor did not possess any present interest in the certificates.
 
 
 9
 Appellant's App. at 4. It found no error in the bankruptcy court's analysis and affirmed. Debtor thereafter appealed the district court's order to this court.
 
 
 10
 Meanwhile, the bankruptcy court held an evidentiary hearing concerning ownership of the joint share account. The court stated in its August 21, 1991, order following the hearing that under Oklahoma law, the presumption that each joint owner of an account is entitled to the whole could be overcome by extrinsic evidence. It found that Ms. Bartolina
 
 
 11
 introduced overwhelming evidence that the proceeds placed into the account at issue were derived totally from [Ms. Bartolina's] income sources, that withdrawals from the account by the Debtor were restricted to only those instances wherein [Ms. Bartolina] gave specific permission and that the Debtor would have instant and immediate enjoyment of the proceeds from the account only upon the death of [Ms. Bartolina].
 
 
 12
 Bankruptcy court's August 21, 1991, order at 2. The court found this evidence sufficient to rebut the presumption of equal ownership, and held that the debtor did not have any present interest in the joint share account. Id. at 3. This order resolved the only remaining issue in the case.[3]
 
 
 13
 The trustee appealed this second bankruptcy court order to the district court, contending that it was error to allow extrinsic evidence to rebut the presumption of equal ownership. In its order dated June 19, 1992, the district court again found no error in the bankruptcy court's analysis and again affirmed. This time, however, the trustee did not appeal the district court's decision to this court.
 
 
 14
 On appeal, the central theme of the trustee's argument is that the debtor had an ownership interest in the joint share account and that ownership of the share account controlled ownership of the share certificates. Since the time the trustee filed this appeal, the district court resolved the question of share account ownership against him. The trustee has not appealed that ruling, and it is therefore final for purposes of this case. Thus, his argument is foreclosed under the law-of-the-case doctrine.
 
 
 15
 In addition, we are not persuaded by the trustee's remaining arguments concerning how the district court resolved the certificates' ambiguity. The district court did not err in relying on the extrinsic evidence offered by Ms. Bartolina to find that the debtor did not have an interest in the certificates. See Baker v. Baker, 710 P.2d 129 (Okla.Ct.App.1985).
 
 
 16
 Therefore, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Initially, this case was jurisdictionally defective because the order appealed from was interlocutory. Since that time the remaining case was appealed to the district court which entered its final order. As a result, we now have jurisdiction
 
 
 [2]
 The parties do not dispute the district court's determination that state law governs the existence of a debtor's interest in property. See Butner v. United States, 440 U.S. 48, 55 (1979)
 
 
 [3]
 We note that the bankruptcy court issued its second order well before March 1992 when the briefs were filed in this case, but that neither the trustee nor Ms. Bartolina made us aware of that fact. The second district court order was issued on June 19, 1992, after the briefing was completed in this appeal