[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The judgment debtor in this case, Ronald Brauman, has filed a claim for exemption form execution by the judgment creditor of four Individual Retirement Accounts (IRA's) maintained at Connecticut National Bank (CNB).
An IRA account, designed as an individual retirement plan, cannot be withdrawn and made personal use of without penalty before the individual attains the age of 59 1/2.26 U.S.C.A. 72(t)(2)(A)(i). A premature termination or withdrawal of an IRA results in the individual paying a 10% penalty tax in addition to incurring the immediate payment of an income tax, state and local. 26 U.S.C.A. 72(t)(1).
At the time the judgment creditor sought to execute its judgment on the IRA's of Brauman, Public Act 91-239 was in CT Page 10122 effect. This public act created an exemption from execution of two types of retirement benefits, Keogh Plans and certain qualified plans, and certain pensions plans for government employees. IRA's were not included within the exempt pension plans under P.A. 91-239. However, the state legislature, recognizing that IRA's were excluded from being exempt under P.A. 91-239, enacted Public Act 92-215 specifically including IRA's as exempt from execution effective October 1, 1992.
Since no exemption from execution existed prior to October 1, 1992 for IRA's, Brauman's IRA accounts at CNB were subject to execution. See Gianotti v. Barucci, 2 Conn. Law Reptr. 491 (Sup.Ct., New Haven, November 12, 1990, Dorsey, J.).
On the second issue of whether a prior demand must be made before bringing execution, we must first turn to the appropriate statutes involved. C.G.S. 52-367b provides for a judgment creditor to execute upon any debt due from the judgment debtor. C.G.S. 52-367b(c) provides that in such banking institution "is indebted to the judgment debtor, it shall remove from the debtor's account the amount of such indebtedness not exceeding the amount due on such execution . . . ." No prior notice is required under C.G.S. 52-367b.
However, an execution on other property of the judgment debtor does require notice prior to the sheriff's seizure of the property. C.G.S. 52-356a(2). C.G.S. 52-356a(4) requires the levying officer personally to serve a copy of the execution and make demand for payment before seizing the property and satisfying the judgment from the property.
As we have previously noted, a IRA is not a debt due from the banking institution to the individual creditor, but rather a trust account in which the banking institution is a trustee not a debtor. In order to levy upon an IRA account that was not exempt from execution, the levying officer must do so by virtue of C.G.S. 52-356a(4), not C.G.S 52-367b.
It is axiomatic that in taking one's property by virtue of an existing statute, the statute must be strictly complied with before the property may be taken. Mitchell v. Kirtland, 7 Conn. 229
(1828).
Although the petition of the judgment debtor is that the IRA accounts held by CNB are exempt from execution, the court CT Page 10123 finds that, at the time of the levy, the IRA's were not exempt. However, since the execution was defective in that the proper statutory protection was not given, the execution cannot stand.
If the proper notice had been given to the judgment debtor before bringing the execution, the judgment debtor would have been given the opportunity to provide for the satisfaction of the judgment from other assets rather than incur a 10% penalty and payment of income taxes on the involuntary withdrawal of the IRA accounts.
Based on the foregoing reasoning, the execution in September of 1992 on the IRA accounts was invalid. The IRA accounts, as of this date, gain the protection of Public Act 92-215 and are now exempt from execution by creditors.
The claim of the judgment debtor Brauman for exemption of the IRA accounts and CNB from execution is granted.
ARONSON, J.