[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
At issue in this proceeding is the status of two pre-judgment remedies obtained against the defendant Bernard J. Hickey on which the plaintiff seeks to execute against IRA accounts in his name.
 I.
In case # CV91-319039, the plaintiff FDIC obtained its PJR via attachment on August 6, 1991. It obtained a judgment against the defendant on September 27, 1994. Execution was not sought until February 1, 1995, 127 days after the entry of judgment.
In case # CV91-319040, Central Bank obtained a PJR via attachment, also on August 6, 1991. On September 27, 1994, the FDIC as receiver of Central Bank obtained a judgment against the defendant Hickey and execution was requested on or about February 1, 1995.
The defendant argues that by virtue of the failure of these plaintiffs to seek execution within 60 days, the prejudgment attachment should be dissolved.
Section 52-328 provides in pertinent part that:
 no personal estate which has been attached may be held to respond to the judgment CT Page 6480 obtained in the suit . . . unless the judgment creditor takes out an execution and has it levied on the personal estate attached . . . within sixty days after final judgment. . . .
This requirement was addressed by our Supreme Court inBradbury v. Wodjenski, 159 Conn. 366, 370:
 A judgment creditor, in order to perfect an attachment or garnishment made prior to judgment on his claim, must take out an execution and have it levied on the real or personal estate attached or have demand made on the garnishee within sixty days after final judgment. General Statutes § 52-328. . .
It necessarily follows that the statutory requirement not having been followed, the attachments in both cases must be dissolved.
 II.
The plaintiff CASA Investments Company seeks to have the Court impose a constructive trust on the defendants' funds and/or re-affirm the 1991 PJR after re-opening the September 1994 judgment. This request is necessitated by the unfortunate error which occurred in case # CV91-319040. In that case, the FDIC took judgment after it had assigned the note which was the subject matter of the litigation.
By virtue of this occurrence, the Court was misled and entered judgment on the basis of a material misrepresentation. The judgment is re-opened and the matter is remanded to the pleading stage.
However, there is no reason to punish the defendant for the apparent misfeasance of other parties. He is still entitled to a dissolution of the attachment.
 III.
At the time this PJR issued in 1991, IRA's did not enjoy any exemption from attachment or garnishment by creditors.
Since the original attachments in these cases have been CT Page 6481 dissolved, the issue now arises as to the effect on the defendant's IRAs of Public Act 92-215, effective October 1, 1992. This act expanded the exemptions from execution by creditors granted by Public Act 91-239 to include IRAs.
The question that is before the court is whether P.A. 215, now § 52-352b applies only to claims arising after the act became effective, October 1, 1992, or to any attempted execution of IRA property after October 1, 1992, regardless of when the claim came into existence. Unfortunately, both Public Acts 91-239 and 92-215, a predecessor are silent as to this question.
One Connecticut case has read § 52-352b to apply to any attempted execution of a judgment against an IRA after October 1, 1992. In Bristol Savings Bank v. Risall, 7 CSCR 1299 (1992) (Aronson, J.), the court considered a situation in which the property against which the judgment creditor sought to execute its judgment was levied before the effective date of P.A. 92-215. However, the court found the execution of the levy to be invalid because no notice had been given to the judgment debtor pursuant to statute. The court then found that, because P.A. 92-215 had become effective, the IRA accounts in that case gained the protection of P.A. 92-215 and were not exempt from execution by creditors. Id.
The factual circumstances in Bristol Savings Bank are similar to the facts in this case. In that case, had the plaintiff properly given notice to the judgment debtor, it would have protected its right to execute against the judgment debtor's IRAs. In this case, had the plaintiff, properly protected its prejudgment remedy, it would have been able to reach the IRA assets. However, since it failed to do so, and because P.A. 92-215 had become effective, the assets are now exempt from the creditor's reach. In brief, the plaintiff allowed the attachment to lose the status it enjoyed. That status cannot be reviewed or relate back in view of the new exemption created by the legislature.
Anthony V. DeMayo State Trial Referee