[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#105)
The defendant, Waterbury Hospital (hereinafter Hospital), obtained a judgment against Manuel Montalvo and Zorida Montalvo on January 27, 1993. Because that judgment was not satisfied, the defendant secured a bank execution on a bank account held in the joint names of Manuel Montalvo and the plaintiff Noel Cruz. The execution was levied on the Montalvo/Cruz joint account on July 1, 1993, and the defendant obtained $18,829.24 in satisfaction of its judgment. Cruz, the joint owner of the account, claims that Montalvo had transferred his ownership in this joint account to him prior to the date the funds were levied, and that the Hospital has no legal right to the funds in the joint account. The plaintiff and defendant have both filed motions for Summary Judgment.
These facts are not in dispute. The plaintiff, Cruz, on or about January 1993, purchased from Manuel Montalvo assets of a CT Page 12947 grocery business. Included in the sale were the monies then on deposit in the business bank account. The seller, Montalvo, relinquished all ownership in the bank account on the date of the sale, January 1993. However, it is the position of Cruz that the bank insisted Montalvo's name and social security number remain on the account until previously issued and outstanding checks cleared the account. Regardless of the reason for Montalvo's name remaining on the account, the parties do not dispute that at the time the Hospital levied on the funds in the account, Montalvo was still a record owner of the account; his name and social security number was listed as a joint owner of said bank account. The plaintiff Cruz claims that because he was the sole owner of the funds in the account, the Hospital has "converted" his monies and that those monies should be returned to him. The Hospital asserts in its defense that regardless of the agreement between the Plaintiff Cruz and Montalvo, the account was, at the time of the execution, a joint account in the name of Montalvo and therefore, subject to the claims of his creditors.
C.G.S. § 36a-290 provides that "[w]hen a deposit account has been established at any bank, . . . in the names of two or more natural persons and under such terms as to be paid to one of them, or to the survivor or survivors of them, such account and any part or all of the balance of such account, including any and all subsequent deposits or additions made thereto, may be paid to any of such persons during the lifetime of all of them or to the survivor or any of the survivors of such persons after the death of one or more of them." C.G.S. § 52-36b authorizes a judgment creditor to execute upon any debt due a judgment debtor and authorizes the removal of funds from the bank account of the judgment debtor. Bristol Savings Bank v.Risall, 7 Conn. L. Rptr. 563, 7 CSCR 1299 (1992) (Aronson, J.) There is no question that either owner of a joint account has access to the entire account U.S. v. First Bank, 586 F. Sup. 174, 176 (D.C. Conn. 1983).
There is no question that the law in our state subjects all the monies held in a joint account to the claims of a creditor of either joint tenant. A recent Superior Court decision dealing with almost identical facts of the instant matter has so held. People's Bank v. Atwood, Superior Court, JD of Tolland at Rockville, DN. 044664 8 Conn. L. Rptr. 562
(April 8, 1993) (Klazak, J.). In this case, M. Montalvo was a joint owner of the bank account at the time the Hospital CT Page 12948 enforced its execution. There are no material questions of fact and therefore, this court finds that the defendant, Waterbury Hospital, is entitled to judgment as a matter of law. The court hereby grants the defendant's motion for summary judgment.