[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE OBJECTION TOTHE PLAINTIFF'S PREJUDGMENT REMEDY
FACTS
On November 4, 1996, the plaintiff, Brae Asset Fund, L.P., filed a one count complaint against the defendants, Ronald Z. Kadar and Andrew D. Cretella, seeking to collect on a note executed by the defendants. As a prejudgment remedy, the plaintiff attached a joint savings account at Norwalk Municipal Employees Credit Union (Credit Union) held in the names of Ronald Z. Kadar and his wife Patricia R. Kadar. Ronald Kadar and Patricia Kadar requested a hearing to contest this prejudgment remedy and this hearing was held on December 2, 1996.
The evidence presented at the hearing established that Patricia Kadar purchased a house at 207 Hurd Street in Fairfield, on February 23, 1976. She purchased the home exclusively in her name and has owned the home in this manner since its purchase. The house served as the marital residence. In January 1994, Patricia Kadar refinanced her house, receiving $32,206.27, which she invested for a time, and then deposited the total amount earned, $36,193.01, into the joint savings account at the Credit Union.
DISCUSSION
The plaintiff claims that the total amount held in the joint account in which the defendant Ronald Kadar is a co-holder is subject to garnishment by plaintiff as a creditor. The Kadars claim that the account may be garnished only to the extent of Ronald Kadar's actual ownership of the account. At the December 2, 1996 hearing, the Court stated that it would follow its earlier decision on this issue holding that a creditor may only garnish the funds in a joint account to the extent of the debtor's actual ownership of these funds; General ElectricCapital Corp. v. Jones, Superior Court, Judicial District of CT Page 10 Stamford/Norwalk at Stamford, Docket No. 126759 (August 27, 1996, Stevens, J., 17 Conn. L. Rptr 494); but the court gave the parties leave to brief this issue further and to address the evidence produced at the hearing.
The plaintiff relies heavily on Masotti v. Bristol SavingsBank, 232 Conn. 172, 653 A.2d 179 (1995). In Masotti, the Supreme Court upheld a bank's right to assert a set-off against all the funds in a joint account maintained by the bank even though only one of the account owners owed money to the bank. However,Masotti is factually distinguishable from the instant case. The account holders in Masotti signed a deposit account contract giving the bank the set-off right. This contract explicitly stated that "this right of set-off applies to deposits of any of you to pay the debts owed to us by any or all of you." Masotti v.Bristol Savings Bank, 43 Conn. Sup. 360, 363 (1994). The spouse non-debtor was attempting to assert rights under this agreement, but was refusing to recognize the bank's rights under the same agreement. Masotti v. Bristol Savings Bank, supra 43 Conn. Sup. 363. On the other hand, an innocent account holder, such as Mrs. Kadar in the instant case, has "not made any agreement with the . . . creditor, either implicitly or explicitly, that this creditor may take her money from a joint account to satisfy the debt of the other account owner." General Electric Capital Corp.v. Jones supra, 17 Conn. L. Rptr 495.
Moreover, as previously noted by this court, the general differences between a bank's set off rights and a judgment creditor's execution rights are so legally significant that Masotti's holding is inapplicable to a judgment creditor's execution of a joint bank account.
 "A judgment creditor's post judgment remedies are primarily governed by statute, not by common law, and they are coercive, not consensual. An execution arises from a relationship between the debtor and the creditor, but that relationship is specific to the individual debtor."
General Electric Capital Corp. v. Jones, supra 17 Conn. L. Rptr 495.
The plaintiff also places significant emphasis on General Statutes § 36a-290 (a) which provides that when a deposit account is established in the names of two or more natural persons, "and CT Page 11 under such terms as to be paid to any one of them, or to the survivor or survivors of them, such account is deemed a joint account, and any part or all of the balance of such account, including any and all subsequent deposits or additions made thereto, may be paid to any of such persons during the lifetime of all of them. . . ." Id.
Plaintiff argues that since § 36-290 (a) authorizes either owner to withdraw all the funds from a joint account, a creditor of one of the owners should also be able to reach all the funds. However, this is not what the statute says. More specifically, the statute does not provide that a creditor of one account owner may attach or execute upon the entire account. The parties to the joint account have agreed between themselves to enter into a relationship which allows their funds to be withdrawn by either of them as provided by § 36-290 (a). The plaintiff has advanced no cogent reason why it should benefit from this consensual relationship to which it is a stranger or why § 36-290 (a) should be construed to provide such a benefit.
The plain language of § 36a-290 (a) reveals that the purpose of the statute is to protect the banking institution, not general creditors: "Any such payment constitutes a valid and sufficient release and discharge of such bank, Connecticut credit union or federal credit union, or its successor as to all payments so made." General Statutes § 36a-290 (a). Regarding a similar statute, the Supreme Court of Vermont stated that the provisions of the statute "`are for the protection of the bank paying money to persons named in deposits made in the manner specified in the statute and do not change or affect the title to such deposit.'" (Emphasis in original.) Beacon Milling Co. v. LaRose, 138 Vt. 457,418 A.2d 32, 33 (1980). In Baker v. Baker, 710 P.2d 129
(Okla, Ct. App. 1985), the court noted that "banking institutions offer limited choices of ownership to customers. The customer is most generally presented with a choice of accounts fashioned by the financial institution and designed to protect its own interests rather than to define the rights and actual ownership of depositors. . . . Often the printed forms prepared by the financial institution and signed by the depositors do not reflect the true intent of the owners, but are merely used for convenience." (Citation omitted.) Id., 133.
This court respectfully declines to follow other Superior Court decisions that have concluded that a creditor of one account owner may garnish all the money of a joint account. See CT Page 12Cadle Co. v. Carillo, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 504043 (May 20, 1996), Sheldon J., 17 Conn. L. Rptr. 126); Cruz v. WaterburyHospital, Superior Court, Judicial District of Waterbury, Docket No. 104498 (November 15, 1995, Pellegrino, J.15 Conn. L. Rptr. 323);People's Bank v. Atwood, Superior Court, Judicial District of Tolland at Rockville, Docket No. 044664 (April 8, 1993, Klaczak, J.). These decisions are inconsistent with the general rule, most routinely applied to joint tenancies in real property, that an execution upon the interests of one cotenant does not allow the creditor to take possession of all the property to the exclusion of the interest of the innocent cotenant. See New HavenTrolley Bus Emp. Credit Union v. Hill, 145 Conn. 332, 335,142 A.2d 730 (1958); See also Baker v. Baker, supra 710 P.2d 132 (discussing the differences between the rights of owners of joint bank accounts and the traditional common law rights of joint tenants.)
Moreover, these lower court cases relied on by the plaintiff are contrary to the overwhelming weight of the case law on this issue. See 11 A.L.R.3d 1465 (1967). "Jurisdictions applying the general rule that joint bank accounts are vulnerable to seizure by the creditor of one depositor usually hold that the creditor's rights are limited to the amount of the funds in the accounts equitably owned by the debtor depositor and do not extend to the funds equitably owned by the innocent depositor." (Footnote omitted). Id., 1473. "Many of the courts that allow garnishment of a joint bank account in proportion to ownership hold that there is a presumption that all of the joint bank accounts is owned by the debtor. . . ." Id., 1476; see e.g., Hayden v. Gardner,238 Ark. 351, 381 S.W.2d 752 (1964). In overcoming this presumption that all the money of the joint account is owned by the debtor, most courts place the burden on the depositors to prove that the actual ownership of the funds is otherwise. See e. g., Yakima Adjustment Service, Inc. Durand, 28 Wash. App. 180,622 P.2d 408, 411 (1981).
New York applies two presumptions in regard to joint accounts. "One is that each tenant is said to be possessed of the whole account. . . . The other is that the opening of the account creates a presumption that each of the parties is entitled to half the account . . . ." (Citations omitted.) Mendel v.Chervanyou, 147 Misc.2d 1056, 559 N.Y.S.2d 616, 618 (1990). These presumptions, however, are rebuttable. Id.; see also FederalDeposit Ins. Corp. v. Koffman, 849 F. Sup. 176, 178 (N.D.N Y CT Page 13 1994). The Arkansas Supreme Court has also adopted "the majority view that the debtor presumptively holds the entire joint bank account but may disprove this supposition to establish his or her actual equitable interest." Maloy v. Stuttgart Memorial Hospital,316 Ark. 447, 872 S.W.2d 401, 402 (1994). It has been held in Texas that "[i]n garnishment cases, equitable title to the property sought to be reached prevails over bare legal title to the property." Republic Bank Dallas v. National Bank ofDaingerfield, 705 S.W.2d 310, 311 (Tex.Ct.App. 1986). See alsoAmarlite Architectural Products, Inc. v. Copeland Glass Co.,601 So.2d 414, 416 (Ala. 1992) ("We conclude that joint accounts are garnishable to the extent of the ownership of the debtor.");Miller v. Clayco State Bank, 10 Kan. App. 2d 659, 708 P.2d 997,1001 (1985) ("Clearly, in the garnishment of a joint bank account, only the interest actually owned by the garnishment debtor is subject to seizure. Any interested person, including a cotenant, may seek to have the garnishment dissolved.").
The position expoused by the plaintiff is extremely harsh because it would allow a blind, indiscriminate seizure of money belonging to innocent, unsuspecting parties. Under these circumstances, equitable principles should not be divorced from garnishment proceedings, and a court exercising its equitable discretion should avoid adopting a position which would yield such harsh results. On the basis of these considerations, the court in Baker concluded that "[a]llowing the creditor to reach the joint account only to the extent of the debtor's interest protects innocent parties. . . . [R]egardless of the type of account which the debtor owns, the only interest in the account subject to garnishment is the actual interest owned by the debtor. The creditor cannot reach any farther than the debtor could. The debtor should thus be allowed to prove the extent of his equitable interest in the joint account." (Citation omitted.)Baker v. Baker, supra, 710 P.2d 134.
In summary, none of the arguments advanced by the plaintiff persuade the court that it should abandon its prior holding inGeneral Electric Capital Corp. v. Jones, that a joint bank account can only be garnished to the extent of the debtor's actual ownership of the funds. A rebuttable presumption exists that the funds in the account belong to the debtor and the burden is on the joint owners to rebut this presumption. This holding is consistent with the majority rule which provides a better reasoned and more equitable disposition of this issue than the authorities relied on by the plaintiff. CT Page 14
The evidence produced at the hearing demonstrated that at least $36,193.01 of the funds held in the credit union account belongs to Patricia Kadar and not the defendant Ronald Kadar. The plaintiff contends that the refinancing of the marital home owned by Patricia Kadar and the intended transfer of those funds to the Kadars' daughter in some way gives the plaintiff a beneficial interest in the funds. The plaintiff, however, has provided no factual or legal basis for this position. The plaintiff is not a creditor of Mrs. Kadar and the refinanced property generating the disputed funds has been solely owned by her since 1976. The plaintiff does not allege that the purchase of this house, which happened approximately twenty years ago, was a fraudulent conveyance as to it, especially when its debt did not arise until 1989. The plaintiff opines that the planned transfer of these funds to Mrs. Kadar's daughter would be a fraudulent transfer as to Mrs. Kadar's creditors. However, this contemplated transfer of funds to Mrs. Kadar's daughter has not taken place, there is no evidence that Mrs. Kadar would be rendered insolvent by the transfer, and in any event, this plaintiff would not have standing to contest any such transfer on fraudulent conveyance grounds because it is not a creditor of Mrs. Kadar.
Finally, Ronald Kadar seeks a $1000 exemption in the credit union account pursuant to General Statutes § 52-352b(r). Public Act No. 93-302, which added subsection (r), provides in section 3 that "[t]his act shall take effect October 1, 1993, and shall be applicable to any lien or for any obligation arising on or after said date." The evidence demonstrates that the defendant Kadar's debt to the plaintiff arose in 1989, and therefore, he is not entitled to the $1000 exemption provided by § 52-352b(r).[1]
 CONCLUSION
Therefore, for the foregoing reasons the plaintiff's prejudgment remedy executed against the joint savings account held by Ronald Kadar and Patricia Kadar at the Norwalk Employees Credit Union, Norwalk Connecticut is modified and reduced by $36,193.01. The amount of $36,193.01 shall be released to Patricia Kadar and the prejudgment remedy shall be maintained as to any funds remaining in this account.
So Ordered this 10th day of January 1997.
STEVENS, JUDGE CT Page 15