2002 OK CIV APP 39

**SEARS, ROEBUCK AND COMPANY, a New York corporation, Plaintiff/Appellant,**

v.

**Lisa COSEY, Defendant/Appellee,**

and

**Janice Day, Defendant/Appellee.**

No. 94,177.

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 26, 2002.

MAILED TO STEPHEN L. BRUCE." The record reflects that Stephen L. Bruce was counsel of record for Sears. Six days after the garnishee's answer/affidavit was filed, a form pleading captioned "CLAIM FOR EXEMPTION AND REQUEST FOR HEARING" was also filed. This pleading contains the name and signature "Janis M. Day" and alleges "monies garnished did not belong to Defendant but belonged to her mother Janis Day."

¶ 2 The court held a hearing on this "claim" by Janis Day. At the hearing, Sears appeared by an associate of Stephen L. Bruce, and Janis Day appeared pro se. The only record of this hearing is the court's "ORDER GRANTING CLAIM FOR EXEMPTION." The court's order reflects Sears moved to dismiss the claim on the ground that "it was not signed or filed by the Defendant or an attorney on her behalf, but rather by Janis Day, a third party." The court overruled the motion and "heard the testimony of Janis Day," despite Sears' further assertion that "a claim for exemption was not the proper remedy for Ms. Day's allegations that the funds withheld pursuant to the garnishment were deposited by Ms. Day rather than the Defendant."

¶ 3 According to the order, Ms. Day "stated she was the Defendant's mother, that one of the bank accounts that was [garnished] was a joint account owned by the Defendant and Ms. Day, and that the funds in the amount of $1,172.87 deposited in the account were deposited by Ms. Day." The order further reflects, "Ms. Day presented bank statements issued by Fort Sill Federal Credit Union to demonstrate that she deposited the funds that were in the account when the garnishment summons was served." The order directed Sears to return $1,172.87 to Ms. Day, over Sears' objection that the Defendant's "right to withdraw funds from the account [rendered the funds] subject to attachment by the Defendant's judgment creditor."

Stephen L. Bruce, Richard S. Winblad, Stephen Bruce and Associates, Oklahoma City, OK, for Appellant.

Dick W. Tannery, Lawton, OK, for Appellee Janis Day.

REIF, Chief Judge.

¶ 1 This appeal arises from a garnishment proceeding by Sears, Roebuck and Company to collect a default judgment it obtained against Lisa Cosey. The garnishee, Fort Sill Federal Credit Union, filed its answer/affidavit stating "A CK FOR 174.27 and 1172.87

¶ 4 On appeal, Sears first generally asserts that Ms. Day has made no response to Sears' petition in error, and specifically argues that her failure to file an answer brief

justifies reversal. However, reversal is never automatic for the failure to file an answer brief. Reversal is warranted only if the appellate court finds the brief in chief reasonably supportive of the allegations of error.

¶ 5 In reviewing the record, we find that Ms. Day did not file an answer brief, but we do note that she filed a response to the petition in error. Ms. Day's response to the petition in error summarizes matters that are reflected in the record presented on appeal and which support the trial court's judgment. Accordingly, Ms. Day is not totally in default and has presented a sufficient position in support of the trial court's judgment that requires this court to examine the remaining challenges.

¶ 6 Sears next challenges the way in which Ms. Day contested the garnishment and sought return of the funds that were paid to satisfy the garnishment. Basically, Sears complains about Ms. Day's use of a claim for exemption form-pleading. Sears argues that a stranger to the garnishment cannot claim "an exemption." Sears also asserts that Ms. Day's claim does not fall within any of the exemptions provided by statute. Sears contends that Ms. Day should have filed an entry of appearance or a motion to intervene. Sears suggests that such pleadings were necessary because they would have allowed time for discovery prior to the trial of her claim to the garnished funds. However, Sears does not argue that it was prejudiced by not having an opportunity for discovery, nor does the record reflect that Sears requested a continuance to do discovery.

¶ 7 The foregoing matters are largely technical defects that should not affect the right of a pro se litigant to protect her interests in a garnishment proceeding. Even though Ms. Day used a pre-printed, claim-for-exemption form to plead her interest in the funds, the substance of this pleading leaves little doubt that *she is not claiming an exemption* in the sense that the judgment debtor could do so. The pleading also makes it clear that she is a third party who seeks to establish ownership of the funds. Nothing of substance would have been added if she had filed other plead-

ings, such as an entry of appearance or motion to intervene.

¶ 8 We note that in *Burrus Mill & Elevator Co. v. Kingfisher College,* 1938 OK 92, ¶ 5, 76 P.2d 906, 909, a garnishment proceeding, the third party's interplea and claim to funds impounded simply asked that the third party "be adjudged the owner of the fund." This case indicates that the most important requirement for the trial of a third-party claim in a garnishment proceeding is the third party's "voluntary general appearance and [submission] to the jurisdiction of the court, seeking an affirmative order beneficial to itself, that is, that it be adjudged owner of the fund." *Id.*

¶ 9 We are reminded that "[g]arnishment after judgment is an equitable execution and equitable principals [*sic*] should apply." *Willhite v. Willhite,* 1976 OK 17, ¶ 13, 546 P.2d 612, 615 (citations omitted). "Substantial rather than strict compliance with statutes is required." *Id.*

¶ 10 Sears' final proposition essentially contends that Ms. Day failed to prove that Lisa Cosey lacked an interest in the funds that were garnished. The argument that Sears presents to support this proposition is based on Sears' interpretation of 6 O.S.1991 § 2024, and *Baker v. Baker,* 1985 OK CIV APP 35, 710 P.2d 129. Sears argues that § 2024 establishes that Lisa Cosey was legally entitled to *all* the funds in the admitted joint *credit union* account and that the *Baker* case did not address joint credit union accounts. The chief problem with this argument is that § 2024 addresses the rights and liabilities of joint owners of credit union accounts *vis-à-vis* the credit union. As far as strangers to the account are concerned, the rebuttable presumption of joint ownership, as discussed in *Baker,* represents the applicable law.

¶ 11 *Baker* held that there is only "a rebuttable presumption ... that the debtor who holds an interest in a joint account is entitled to use the entire account." *Id.* at ¶ 26, 710 P.2d at 134. The court explained that, "[a]lthough joint owners may assume the risk that their cotenants will pay creditors voluntarily when they establish a joint bank ac-

count, these same joint owners may later seek to establish factual ownership different from the declared purpose of the account." *Id.*

¶ 12 The court further observed that, "[a]lthough Oklahoma courts hold that each tenant is presumed to own the entire amount of the account, one joint tenant ... may attack the joint tenancy even in the presence of a written agreement expressing clear and unequivocal intent to create a joint tenancy." *Id.* at ¶ 25, 710 P.2d at 134 (citation omitted). The court noted that "our courts are not averse to the introduction of parol evidence and the imposition of equitable principles to reach a just result." *Id.*

¶ 13 The court adopted the rebuttable presumption rule because "[t]he theory ... which would allow the creditor to reach the entirety of the funds held in a joint account has been criticized as unduly harsh." *Id.* at ¶ 22, 710 P.2d at 134. The court noted that "[p]arties to joint accounts, whether business associates, relatives, or marital partners, are often unaware of separate debts incurred by the other joint tenant." *Id.* at ¶ 24, 710 P.2d at 134. The rebuttable presumption rule allows innocent and unsuspecting parties to prove their interests and provides "the only interest in the account subject to [payment of a creditor] is the actual interest owned by the debtor [joint tenant]." *Id.* at ¶ 23, 710 P.2d at 134.

¶ 14 Another important reason for the rebuttable presumption is the fact that "[t]he [bank] customer is most generally presented with a choice of accounts fashioned by the financial institution and designed to protect its own interests rather than to define the rights and actual ownership of depositors." *Id.* at ¶ 20, 710 P.2d at 133 (citation omitted). The court specifically noted that "[o]ften the printed forms prepared by the financial institution and signed by the depositors do not reflect the true intent of the owners, but are merely used for convenience." *Id.*

¶ 15 Contrary to Sears' proposition, Ms. Day did not have a burden to prove that Defendant Lisa Cosey had no interest in the account; rather, Ms. Day had the burden to prove that she owned the funds in the account that were garnished. The only basis that this court has for determining whether Ms. Day met this burden is the trial court's "order granting claim for exemption." Sears did not provide either a transcript or narrative statement of the hearing. The trial court's summary of the testimony and evidence presented by Ms. Day in the order reveals that Ms. Day met her burden under *Baker.*

¶ 16 Where sufficient competent evidence shows "that the money sought to be garnished as the property of [a debtor] was, in fact, the property of [a third party and stranger to the debt]," judgment in favor of the third party claiming the garnished funds will be affirmed. *Peoples State Bank of Hartville v. James,* 1926 OK 129, ¶ 2, 246 P. 451, 451. We find sufficient evidence to support the judgment directing Sears to return to Ms. Day the $1,172.87 paid by the garnishee credit union.

¶ 17 AFFIRMED.

¶ 18 TAYLOR, P.J., and STUBBLEFIELD, J., concur.