## ELIZABETH C. MASOTTI *v.* BRISTOL SAVINGS BANK (15097)

PETERS, C. J., and CALLAHAN, BORDEN, KATZ and PALMER, Js.

Argued January 6—decision released February 7, 1995

*Alfred F. Morrocco, Jr.,* with whom was *Thomas W. Conlin,* for the appellant (plaintiff).

*Jo-Ann L. Bowen,* with whom were *Bruce M. Lutsk* and, on the brief, *Lawrence H. Lissitzyn,* for the appellee (defendant).

PER CURIAM. The dispositive issue in this appeal is the validity of a bank's exercise of its right of setoff

against funds held in joint accounts for which the signatories were the bank's debtor and the debtor's spouse. The plaintiff, Elizabeth C. Masotti, filed a complaint alleging that the defendant, Bristol Savings Bank (bank), had wrongfully withdrawn funds from joint accounts of the plaintiff and her husband, Vito Masotti. In six counts, the plaintiff claimed that these withdrawals constituted a conversion, a breach of contract, negligence, a breach of the duty of good faith and fair dealing, and an unfair trade practice, and that the bank fraudulently had failed to give the plaintiff notice of its authority to make such a withdrawal. The bank filed a motion for summary judgment that the trial court granted. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The underlying facts are undisputed. The plaintiff and her husband opened three joint accounts with the bank over a period of years beginning in 1986. Substantially all of the money in these accounts was deposited by the husband. On May 4, 1990, the bank notified the plaintiff's husband that, because he was in default on a $15,000,000 loan to Village Gate Partnership for which he had agreed to act as guarantor, the bank had put a hold on his bank accounts. On May 7, 1990, the bank exercised its right of setoff and withdrew the remaining balance in the three joint accounts. Although the bank sent certified notices of the closing of these bank accounts to both the plaintiff and her husband, the plaintiff was not shown to have received any such notification. The funds subsequently were restored by the bank in conjunction with a workout arrangement pursuant to which the husband agreed to pledge the funds as security for a new loan transaction. The plaintiff learned of the new pledge on November 1, 1990.

The trial court granted the bank's motion for summary judgment with respect to each count of the plaintiff's complaint. The court concluded that the bank had had a right of setoff that it had been entitled to exercise with respect to the funds in the plaintiff's joint accounts with her husband because those accounts had not been special purpose fund accounts. Accordingly, the court held that the plaintiff could not prevail on the first five counts of her complaint. The court further held that the plaintiff could not prevail on the sixth count of her complaint because she had failed to submit any proof to support the allegation that the bank had "deceptively induced [her] into making the Depositor's contract." The thoughtful and comprehensive memorandum of decision filed by the trial court thoroughly canvassed the applicable legal principles in a manner consistent with the statute governing joint accounts; General Statutes § 36-3;[1] and with our intervening case law upholding the validity of bank setoffs. See, e.g., *Normand Josef Enterprises, Inc.* v. *Connecticut National Bank*, 230 Conn. 486, 646 A.2d 1289 (1994). Because that memorandum of decision fully

---

[1] General Statutes § 36-3 provides in relevant part: "JOINT DEPOSITS AND ACCOUNTS. (a) When a deposit has been made in this state in any state bank and trust company, national banking association or savings bank or an account has been issued in this state by any savings and loan association or federal savings and loan association or credit union, in the names of two or more persons and in form to be paid to any one or the survivor, or survivors, of them, such deposit or account and any additions thereto made by any of such persons after the making or issuance thereof, together with all dividends or interest or increases credited thereon, shall be held for the exclusive use of such persons and may be paid to any of them during the lifetime of all of them or to the survivor or survivors after the death of one or more of them, and such payment and the receipt or acquittance of the person or persons to whom such payment is made shall be a valid and sufficient release and discharge for all payments so made."

In *Grodzicki* v. *Grodzicki*, 154 Conn. 456, 461–62, 226 A.2d 656 (1967), we rejected the contention that, under this statute, the creation of a joint account conferred on each of the codepositors, inter vivos, an undivided one-half pro rata interest in the account.

states and meets the relevant arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on these issues. *Masotti* v. *Bristol Savings Bank,* 43 Conn. Sup. 360, 653 A.2d 836 (1994). No useful purpose would be served by a repetition of the discussion contained therein. See *Advanced Business Systems, Inc.* v. *Crystal,* 231 Conn. 378, 381, 650 A.2d 540 (1994); *Van Dyck Printing Co.* v. *DiNicola,* 231 Conn. 272, 273–74, 648 A.2d 877 (1994); *Connecticut Resources Recovery Authority* v. *Refuse Gardens, Inc.,* 229 Conn. 455, 458–59, 642 A.2d 697 (1994).[2]

The judgment is affirmed.

---

[2] On appeal to this court, the plaintiff additionally challenges the constitutionality of § 36-3. The plaintiff's constitutional claim cannot succeed. The plaintiff made no such claim in the trial court. Furthermore, the plaintiff's claim depends upon a showing that the constitutional requirements of due process apply to bank setoffs, a proposition for which the plaintiff has provided no persuasive authority.