JOSHUA GOLD ET AL. *v.* CONNECTICUT
HOME THERAPEUTICS, INC.
(13107)

DUPONT, C. J., and LAVERY and SPEAR, Js.

---

Submitted on briefs February 16—decision released May 16, 1995

*Nancy J. Vavra* filed a brief for the appellants (plaintiffs).

*Kenneth A. Votre* filed a brief for the appellee (defendant).

LAVERY, J. The plaintiffs appeal from the trial court's summary judgment for the defendant. The plaintiffs claim that the trial court improperly rendered summary judgment for the defendant because the plaintiffs' counteraffidavit and exhibits show that there are genuine issues of material fact, which entitle the plaintiffs to a trial. We agree and reverse the judgment of the trial court.

The following facts are necessary to a disposition of this appeal. This case involves a commercial written lease agreement between the plaintiffs as landlord and the defendant as tenant. The term of the lease, as set forth in the language of paragraph two, is three years. The plaintiffs claim that this is a scrivener's error. In paragraph four of the lease the parties agreed that the

rental payments would be paid over the course of a four year period, "ending September 30, 1993." The term of the lease as intended and agreed to by the parties is the essential issue in dispute.

The defendant moved for summary judgment. The motion relied on the language in paragraph two describing the lease term, on the fact that the plaintiffs' counsel prepared the lease and on an affidavit submitted by the defendant.

The plaintiffs objected to the motion for summary judgment. In addition to the written lease agreement, the plaintiffs provided the trial court with supporting documentation including the plaintiffs' counter-affidavit, a record of payments for improvements made to the premises pursuant to the lease agreement, which was scheduled in installments over the course of the lease term for four years, an amendment to the lease tendered to the defendant which described the existing lease agreement as providing for the four year lease term, and the defendant's request for an amendment dated August 1, 1990, to which the amendment to lease responded. The trial court granted the defendant's motion for summary judgment on November 15, 1993.

Summary judgment may be granted only in actions in which the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact. Practice Book § 384; *Connell* v. *Colwell*, 214 Conn. 242, 246, 571 A.2d 116 (1990); *Nolan* v. *Borkowski*, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The burden of demonstrating the propriety of summary adjudication is always on the moving party. *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 111, 491 A.2d 368 (1985). To satisfy his burden, the movant must make a showing that it is clear what the truth is and

that it excludes any real doubt as to the existence of any genuine issue of material fact. See *Fogarty* v. *Rashaw*, 193 Conn. 442, 445, 476 A.2d 582 (1984), quoting *Dougherty* v. *Graham*, 161 Conn. 248, 250, 287 A.2d 382 (1971). The Supreme Court has held that a material issue of fact is one that "will make a difference in the result of the case." *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts presented in a motion for summary judgment must be viewed in the light most favorable to the party opposing the motion. *Mingachos* v. *CBS, Inc.*, supra, 91.

The plaintiffs contend that the facts presented to the trial court in the motion for summary judgment, viewed in the light most favorable to the plaintiffs, do not support the trial court's finding. In their complaint, the plaintiffs alleged that the lease executed with the defendant provided for a term of four years and that the language in paragraph two, providing a three year term, was due to a scrivener's error. In paragraph four of the lease, the parties agreed that the rental payments would be paid over the course of a four year period, "ending September 30, 1993." The plaintiffs, therefore, claim that genuine issues of material fact exist, which entitle them to a trial in this matter.

The trial judge, in his decision to render summary judgment, relied on the language in paragraph two stipulating the lease term. This foreclosed the plaintiff the opportunity of offering testimony and evidence that the language in paragraph two was due to the scrivener's error and did not represent the intent and agreement of the parties. The intent of the parties at the time of the execution of the lease agreement is an issue of fact that, when determined, will certainly make a difference in the outcome of this case.

As the plaintiffs were entitled to an opportunity to present the evidence at the trial, they should not have been summarily precluded therefrom.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.