[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR TURNOVER ORDER
In this case, the plaintiff, The Cadle Company, as assignee of Fleet Bank Connecticut, N.A., has moved this Court pursuant to General Statutes § 52-356c(a) for a turnover order, commanding the Collinsville Savings Society ("Bank") of Collinsville, Connecticut to turn over to it, in partial satisfaction of its judgment against the defendant, Charles CT Page 4034-Q Carillo, in this case, all monies held by the Bank for defendant Carillo as of the date on which the plaintiff's Bank Execution was served upon it. The particular object of the plaintiff's motion is the sum of $4,502.00, which on the date in question was held for defendant Carillo in a savings account, No. 242050, owned jointly by the defendant and his wife, Carol Carillo.[1]
The plaintiff claims that it is entitled to execute its judgment against the entire amount held in the subject bank account because it is co-owned in its entirety by the defendant, it is not exempt from execution under Connecticut law, and it is not dedicated to any special or limited purpose that is inconsistent with the defendant's right to use and control it entirely for his own purposes, including the payment of his lawful debts.
The defendant and his wife, who has intervened herein to protect her interest in the subject account, disagree. Though they concede that the account is neither exempt from execution under Connecticut law nor dedicated to any special or limited purpose, such as a trust for minor children, they claim that the plaintiff is only entitled to execute against that portion of the account that is "equitably owned" by defendant Carillo. Here, claim the Carillos, though they are co-owners of the joint account, Mrs. Carillo is the "beneficial owner" of seventy percent of it due to her correspondingly greater contribution of deposits thereto. The account, it is further claimed, "serves as a family account and all the withdrawls (sic) from the account have been used for family purposes, such as living expenses and mortgage payments. One withdrawal of $750.00 was used to help pay for a family trip." Affidavit of Charles Carillo, ¶ 8.
The appellate courts of Connecticut have not yet directly decided whether a joint bank account can be reached in its entirety by the creditors of only one of its co-holders. In the recent case of Masotti v. Bristol Savings Bank, 232 Conn. 172
(1995), however, the Connecticut Supreme Court gave a powerful indication, in a closely related context, that its answer to this question would be in the affirmative.
In Masotti, the Court was called upon to review a decision in which the defendant bank was granted summary judgment on the complaint of the plaintiff that the bank had wrongfully withdrawn funds from accounts she owned jointly with her husband as a setoff against the husband's personal debt to the bank. In CT Page 4034-R reaching his decision, the trial judge, Berger, J., made two determinations which, as later expressly approved by the Supreme Court, are of special significance in this case.
First, Judge Berger found that
 . . . under our common law, the defendant has a right of setoff. The coholders of a joint account are considered owners of the entire account and either may withdraw. General Statutes § 36-3; Peoples Bank v. Atwood, Superior Court, judicial district of Rockville, Docket No. 9044664S (Klaczak, J.) (April 8, 1993, 8 Conn. L. Rptr. 562).
Masotti v. Bristol Savings Bank, 43 Conn. Sup. 360, 364 (1994). This finding is significant, for the case on which it is based,People's Bank v. Atwood, held squarely that because each co-holder of a joint account owns the entire account and can withdraw, without limitation, therefrom, the creditor of any co-holder can reach all funds contained in the account to satisfy any debt he is owed by that co-holder.
Judge Berger's second relevant finding was that the accounts in question were not made unavailable for setoff by any special purpose for which the plaintiff claimed they had been created. On this score he stated:
 The plaintiff has also argued . . . that the funds were special purpose funds and thus unavailable for setoff under Vict Gerald Gold Cars, Inc. v. Citizens National Bank, [528 F. Sup. 237,] 241. As noted by the Supreme Court in Rosa v. Colonial Bank, 207 Conn. 483, 494-95, 542 A.2d 1112 (1988): "A special purpose account [however,] is generally one over which the depositor has only limited dominion and control. The deposit is usually made with special restrictions or limitations agreed upon between the bank and depositor. . . . Common examples of special purpose accounts include payroll accounts in which the bank agrees to honor only certain checks payable to the depositor's employees . . . and trust or escrow accounts in which the bank has notice of third parties' interests in the account." (Citations omitted; internal quotation marks omitted.)
There are no facts in the present case to show that CT Page 4034-S these were special purpose funds.
Masotti v. Bristol Savings Bank, 43 Conn. Sup. at 364-65.
In affirming Judge Berger's decision, the Supreme Court took special note of the above-noted portions of his opinion. Its conclusions, in relevant part, were stated as follows:
 The [trial] court concluded that the bank had a right of setoff that it had been entitled to exercise with respect to the funds in the plaintiff's joint accounts with her husband because those accounts had not been special purpose fund accounts. Accordingly, the court held that the plaintiff could not prevail on the first five counts of her complaint. . . . The thoughtful and comprehensive memorandum of decision filed by the trial court thoroughly canvassed the applicable legal principles in a manner consistent with the statute governing joint accounts; General Statutes § 36-3; and with our intervening case law upholding the validity of bank setoffs. . . . Because that memorandum of decision fully states and meets the relevant arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on these issues. Masotti v. Bristol Savings Bank, 43 Conn. Sup. 360, A.2d (1994).
Masotti v. Bristol Savings Bank, 232 Conn. 172, 174-75 (1995).
The upshot of Masotti is unmistakable. Since each co-holder of a joint account which has not been established as a special purpose fund owns the entire account and may withdraw, without restriction or limitation, therefrom, any creditor of any co-holder can execute against the entire account to satisfy any lawful debt which the co-holder owes to him. The only exception to this rule, as noted above, is for special purpose funds of the kinds mentioned by Judge Berger in his decision, that is: for joint accounts as to which the co-holders have formally agreed to limit their respective rights of use and access to the accomplishment of particular purposes. Monies deposited under such restrictions are not legally available to satisfy a co-holder's personal debts because, unlike monies in an unrestricted joint account, they are never fully available to the co-holder CT Page 4034-T for his own purposes.
In this case, it is conceded that the defendant and the intervenor, the Carillos, are co-holders of an unrestricted joint account that was not established as a special purpose fund. It is, simply stated, an account to which either Carillo can make deposits and from which either Carillo can make withdrawls — in any amount, for any purpose, and at any time.
The monies in the account, moreover, have regularly been used for the most common of family purposes — living expenses, mortgage payments and family vacations — all of which presumptively benefit both co-holders in equal measure. There is no credible basis for believing that even if Mrs. Carillo contributed seventy percent of the deposits to that account, that any of the monies accumulating therein were ever unavailable to defendant Charles Carillo.
In conclusion, the plaintiff's motion for turnover order must be granted because all monies in the account in question are owned by defendant Charles Carillo and available to him, without restriction or limitation, to satisfy his lawful debts.