[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 26, 1996
This is an action for breach of a commercial lease agreement between the plaintiff landlord, Unique Properties Associates (Unique), and the defendant-tenant, F.W. Woolworth Company (Woolworth). That lease was for a term of five years. It was dated January 18, 1978, and was extended by two subsequent agreements on December 19, 1985 and September 26, 1989. The relevant portion of the lease, the termination provision, provides, in part: "Effective as of February 1, 1987, Landlord agrees that Tenant shall have and is hereby granted the option to cancel and terminate said lease as hereby extended or as further extended, by giving to the Landlord not less than three hundredsixty-five (365) days prior written notice of its intention to doso and stating therein the date on which said lease as herebyextended or further extended shall cancel and terminate. . ."
(Emphasis added.) (Plaintiffs Memorandum, Exhibit B, ¶ 8.)
On November 18, 1993, Woolworth mailed a letter to Unique purporting to terminate the lease on November 7, 1994. The letter was dated November 8, 1993, and was not received by Unique until November 22, 1993. (Plaintiff's Memorandum, Exhibit D: letter and copies of return receipt label.) By letter dated March 14, 1994, Unique advised Woolworth that it considered Woolworth's purported termination ineffective. On March 18, 1994, Woolworth responded by letter that it would "extend the termination date to November 22, 1994 rather than November 7th which is a full 365 days from the date notice was received." (Plaintiff's Memorandum, Exhibit E.) By letter dated March 24, 1994, Unique advised Woolworth that it likewise considered the purported termination, as of November 22, 1994, ineffective also. This action followed.
On March 24, 1996, Unique filed a motion for summary judgment as to count one of the complaint on the ground that there is no genuine issue of material fact as to Woolworth's breach of the lease with respect to the termination provision. Unique argues that Woolworth's November 8, 1993 letter was ineffective to terminate the lease as of November 7, 1994, since it was not sent less than 365 days prior to the date of termination, as required by the lease. Moreover, Unique argues that Woolworth's subsequent attempt to convert the ineffective termination into an effective termination by "extending" the date of termination to November CT Page 5044 22, 1994, is similarly ineffective because it was an attempt to give retroactive notice of the date of termination, not prior notice as the lease requires.
In response, Woolworth argues that there exists a genuine issue of fact as to when effective notice of cancellation was given. In addition, Woolworth argues that its tender of pro rata rent for the period from November 7, 1993 to November 22, 1993, and which was accepted by Unique, constitutes implied acceptance of its notice of termination, had the termination been ineffective. Alternatively, Woolworth argues that its March 18, 1994 letter to Unique gave effective notice of termination which would have taken effect on March 18, 1995.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilsonv. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989): Masotti v.Bristol Savings Bank, 43 Conn. Sup. 360, 361, 653 A.2d 836 (1994), aff'd, 232 Conn. 172, 653 A.2d 179 (1995). "Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995); Practice Book § 384. The burden is on the movant to show that "it is clear what the truth is and that it excludes any real doubt as to the existence of any genuine issue of material fact." Gold v.Connecticut Home Therapeutics, Inc., 37 Conn. App. 852, 854-55,658 A.2d 596 (1995). "[T]he opposing party must substantiate its adverse claim with evidence disclosing the existence of such as issue." Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994).
"Unambiguous contract provisions are to be given their plain meaning without reference to evidence outside the four corners of the agreement." Sims v. Honda Motor Co., 225 Conn. 401, 415,623 A.2d 995 (1993). This court is constrained to grant Unique's motion for summary judgment as to count one of the complaint, as there was ineffective notice of termination given by Woolworth according to the terms of its lease with Unique. The terms of the lease are clear, notice was to be given to Unique not less than 365 days prior to the purported termination, and the notice was required to specify the date of termination. This was clearly not CT Page 5045 done here.
Woolworth's letter purporting to terminate the lease was dated November 8, 1993, and stated that the lease would terminate November 7, 1994; on its face, the letter was inconsistent with the lease provisions and, accordingly, was ineffective. Woolworth's argument that its attempt to transform the ineffective November 7, 1994 termination into a November 22, 1994 termination, is without merit, since it also is not in conformity with the plain language of the lease agreement. The lease clearly states that the letter of termination must state the date on which the termination will be effective. Since Woolworth's letter lists November 7, 1994 as the termination date, Woolworth cannot prevail on its argument that November 22, 1994 should be considered the date of termination. In addition, the lease states that notice of termination must be given 365 days prior to the purported termination date. Woolworth's letter of March 18, 1994 attempting to convert the ineffective November 7, 1994 termination into a November 22, 1994 termination, does not comply with this requirement of the lease.
For the same reasons, Woolworth's argument that it converted the ineffective November 7, 1994 termination into a March 14, 1995 termination, is also without merit, since Woolworth's March 14, 1994 letter also did not comply with the aforementioned lease provisions.
Accordingly, Unique is entitled to summary judgment on count one of its complaint, as there is no genuine issue of material fact warranting a trial on those issues.
MORAGHAN, J.