[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Mundaca Investment Corporation (Mundaca) instituted this proceeding seeking foreclosure on two mortgages against Homespun, a general partnership consisting of James B. Cooper, Lisa D. Cooper, Thomas R. Swetts, Cheryl C. Swetts, Traders Company, Goldstein Peck, P.C., and the Newtown Savings Bank. In the first count, Mundaca alleges that it is the assignee of a mortgage executed by James Cooper and Lisa Cooper on premises known as 38 Aunt Park Lane in Newtown (the Cooper mortgage). The mortgage was used to secure a note made by Homespun, which was guaranteed by defendants James Cooper, Lisa Cooper, Cheryl Swetts and Thomas Swetts.
In the second count of its complaint, Mundaca alleges that it is the assignee of a similar mortgage executed by defendants Cheryl Swetts and Thomas Swetts on property known as 50 Aunt Park Lane in Newtown (the Swetts mortgage). The Swetts mortgage was used to secure the same note executed by Homespun and guaranteed by the four above-named individual defendants. Mundaca claims that both notes are in default, and is seeking to foreclose the mortgages on both properties. It further alleges that the remaining defendants, as well as other persons and entities not parties to this action, may claim an interest in one or both properties by virtue of liens or judgments against the property. CT Page 5325-WWW
Thomas Swetts and Cheryl Swetts have filed an answer and asserted three special defenses, all of which were stricken by the court (Stodolink, J.). Lisa Cooper filed an answer admitting execution of the note, but generally denying the other relevant portions of the complaint. James Cooper, who has appeared pro se, has not filed an answer and was defaulted for failure to appear.
On May 22, 1996, Mundaca filed a motion for summary judgment asserting that it is entitled to judgment as a matter of law.[1] On June 7, 1996, Lisa Cooper filed an objection to the motion for summary judgment in which she did not contest liability, but argued that there is insufficient proof upon which the court can determine the interest Mundaca is entitled to on the note. Cooper argues that Mundaca has not provided the rate of interest it claims it is due on the note, since the note states that the regular rate of interest shall be "figured daily at an annual rate equal to three percentage points over the `prime rate' of Citytrust," and the interest after maturity shall be "Citytrust Prime plus five (5%) percent."[2] Cooper asserts: "When a Note provides for a variable interest based on an index that no longer exists, the burden is on the holder to prove that the substitute rate is reasonable."[3]
At oral argument on June 10, 1996, Thomas and Cheryl Swetts filed a memorandum in opposition to Mundaca's motion for summary judgment in which they assert that summary judgment is inappropriate for the following reasons. First, they assert that Mundaca's only recourse against the Swetts is to pursue the guaranty they executed in support of the note since the Swetts did not sign the mortgage in their individual capacity. They argue that summary judgment should be denied since Mundaca has not met its burden of showing that Mundaca is the holder of the guaranty by providing proof of assignment. Second, they argue that the affidavit of R. Douglas Cutler, president of Mundaca, which is offered in support of the motion for summary judgment, is ineffective since it asserts knowledge of events which occurred prior to April 1, 1987, which the Swetts claim is the date on which Mundaca was incorporated. They argue that the Cutler affidavit contains hearsay, and that the guaranty document is not properly authenticated and is not in compliance with the best evidence rule. Third, the Swetts argue that the provisions of § 49-4b of the General Statutes render the note in question invalid since, as an open-ended note, the names and addresses of the primary obligors must be provided, which was CT Page 5325-XXX allegedly not done on this note. Finally, the Swetts assert the same claim as Lisa Cooper with respect to the alleged ambiguity of the rate of interest used in calculating the total debt owed.
On June 17, 1996, Mundaca submitted a reply memorandum in further support of its motion which raised the following issues. In its first argument, Mundaca asserts that the defendants' recitation that there is insufficient evidence that Mundaca is the assignee of the note is without merit. Second, Mundaca argues that the mortgage does comply with the requirements of § 49-4b, notwithstanding the defendants' contrary contentions. Third, Mundaca argues that the alleged ambiguity of the interest rate is not material since the court is considering summary judgment only as to liability. Fourth, Mundaca argues that the defendants' allegations regarding the affidavit of R. Douglas Cutler are misplaced.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilsonv. New Haven, 213 Conn. 277, 279; Masotti v. Bristol SavingsBank, 43 Conn. Sup. 360, 361, aff'd, 232 Conn. 172. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202; Practice Book § 384. The burden is on the movant to show that "it is clear what the truth is and that it excludes any real doubt as to the existence of any genuine issue of material fact."Gold v. Connecticut Home Therapeutics. Inc., 37 Conn. App. 852,854-55. "[T]he opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haeschev. Kissner, 229 Conn. 213, 217.
A. The Interest Rate
The court does not consider the arguments with regard to the proper rate of interest to be used in calculating the debt since Mundaca has moved for summary judgment as to liability only.
B. Proof of Assignment of the Guaranty
The Swetts argue that Mundaca's only recourse against them is CT Page 5325-YYY to pursue the guaranty they executed in support of the note, and that Mundaca cannot pursue the guaranty because it has not proved that it has a valid assignment thereto. However, as Mundaca correctly points out in its reply memorandum, Exhibit 7, which is a certified copy of the assignment of the Swetts' mortgage from the FDIC to Mundaca, expressly incorporates the Swetts' mortgage "together with the debt, note or other obligation therein described. . . ."[4] Additionally, Exhibit 5 to Mundaca's motion is a certified copy of the Swetts' mortgage which clearly incorporates the guaranty made by the Swetts to Citytrust (Mundaca's predecessor in interest) for advances made to Homespun by Citytrust. Mundaca has also provided a certified copy of the guarantee executed by the Swetts in favor of Citytrust.[5]
Mundaca has proven ownership of the guaranty in a manner appropriate for a motion for summary judgment.
C. The Sufficiency of the Cutler Affidavit
The Swetts attack the sufficiency of the affidavit submitted by R. Douglas Cutler in support of Mundaca's motion for summary judgment. They contend that Cutler, as Mundaca's president, is incompetent to testify as to facts occurring prior to Mundaca's establishment in April, 1987. Further, they argue that Cutler's attempts to affirm legal conclusions, such as Mundaca's status as a holder of the note, mortgage and guaranty, is impermissible.
The arguments concerning the Cutler affidavit are unavailing since the documents Cutler referred to — and to which the Swetts claim he has no personal knowledge — are already before the court in proper evidentiary form. For instance, the Swetts argue that Cutler cannot affirm that Mundaca is the holder of the guaranty and mortgage. However, as discussed above, the court has before it evidence, in proper form, of Mundaca's ownership of those documents.
The Swetts also contend that Cutler cannot affirm the legal conclusion that Mundaca is the holder of the guaranty. While it may be that Cutler has concluded that Mundaca is the holder of the note, guaranty and mortgage;[6] it is clear that his assertion is based on a review of the documents described above. As such, his assertion is proper.
D. The Application of General Statutes § 49-4b
The Swetts' final argument is that the mortgage is CT Page 5325-ZZZ unenforceable because it is not in compliance with § 49-4b in two respects. First, the Swetts allege that the note to Citytrust does not state the address of the primary obligor, Homespun, as required by subsection (c)(1). Second, they argue that there is no "description of the extent the Mortgagor is secondarily liable for future advances," as required by subsection (a)(2).[7]
Mundaca responds by pointing out that the Swetts' mortgage expressly incorporates the note by reference.[8] Second, Mundaca recites that the Swetts' secondary liability is described in the mortgage instrument on page 2 and, further, that the note which describes the Swetts' obligations is incorporated by reference into the mortgage, as noted above. The Swetts' allegation of noncompliance by Mundaca with the requirements of § 49-4b is without merit.
In conclusion, there is no genuine issue of material fact with regard to the defendants' liability, and that Mundaca is entitled to judgment as a matter of law. The motion for summary judgment is, accordingly, granted with respect to liability only.
Moraghan, J.