[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
James E. McMurray Enterprises, Inc. (McMurray) commenced this action against Grant Casperson, "d/b/a G H Building Contractors," for reimbursement for workers' compensation benefits it has paid to Randall S. Sutela (Sutela), an employee of the defendant. In its complaint, McMurray alleges the following.
McMurray is a general contractor and had subcontracted the defendant to perform work on a project in Pound Ridge, New York. The defendant had thereafter hired Sutela to perform certain carpentry work for the job. During the course of working on the project, Sutela suffered a broken leg and filed a workers' compensation claim for the resulting injuries. After a formal hearing, the worker's compensation commissioner of the seventh district (commissioner) determined that Sutela was entitled to workers' compensation benefits, and ordered the defendant to pay those benefits. The defendant, however, did not carry workers' compensation insurance as required by Sec. 31-284 of the General Statutes, and the benefits were ultimately paid by McMurray. Accordingly, McMurray is seeking reimbursement. The defendant has denied that he was Sutela's employer individually, averring that Sutela was employed by the corporate entity G H Building Contractors, which was not made a party to this action.
McMurray has moved for summary judgment, arguing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. It argues that the commissioner determined all relevant factual issues in its favor and that those factual determinations constitute the "law of the case" and should be given preclusive effect. It also argues that it is entitled to reimbursement for the sums it paid to Sutela as a matter of law, though it acknowledges that the doctrine affording reimbursement is based not on contract, but upon the equitable principle that those voluntarily assuming a common burden should bear it equally. Fidelity Casualty Ins. Co. v. Sears, RoebuckCT Page 7565 Co., 124 Conn. 227, 231-32.
The defendant has not submitted any documentation in opposition. However, he did file his own motion for summary judgment on May 22, 1996, which does not appear to have been claimed for argument or acted upon by the parties or the court. In addition, the defendant's memorandum in support of his motion for summary judgment contained argument in opposition to a previous motion for summary judgment filed by McMurray which was denied by this court for procedural reasons. Therefore, the court will treat, with some degree of poetic license, the defendant's memorandum in opposition to McMurray's previous motion for summary judgment as applying to the current motion.
In his memorandum, the defendant argues that there is a genuine issue of material fact as to who employed Sutela, noting that he denied in his answer that he was Sutela's employer, indicating instead that Sutela was employed by the corporate entity G H Building Contractors. He argues that McMurray's claim that the commissioner's determination that the defendant was Sutela's employer cannot be given preclusive effect through the doctrine of collateral estoppel since it was not "actually litigated" in the earlier proceeding.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384." Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202. The burden is on the movant to show that "it is clear what the truth is and that it excludes any real doubt as to the existence of any genuine issue of material fact."Gold v. Connecticut Home Therapeutics, Inc., 37 Conn. App. 852,854-55. "[T]he opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haeschev. Kissner, 229 Conn. 213, 217.
The evidence before the court does not permit it to conclude that McMurray is entitled to judgment as a matter of law. McMurray argues that the commissioner found that the defendant — that is, Casperson "d/b/a G H Building Contractors" — was Sutela's employer and that his finding is entitled to preclusive effect. It has attached to its memorandum in support of its motion for summary judgment a certified copy of the commissioner's decision. CT Page 7566
The decision states that the parties stipulated that a contract of employment existed by and between the claimant, a carpenter, and the respondent-employer, Grant Casperson, d/b/a G H Building Contractors.[1] There are two reasons, however, why this portion of the decision is not as conclusive a finding about the parties' relationship as McMurray contends.
First, there is a genuine factual issue as to what the parties meant when they stipulated that "Grant Casperson, d/b/a G H Building Contractors" was Sutela's employer. In support of his own motion for summary judgment, Casperson submitted an affidavit in which he attested that "[a]t the informal hearing before Commissioner Sherman[n] on July 9, 1992, I was asked by Commissioner Shermann if Randy Sutela was my employee and I said he was, and I was asked for the name of my business, and I said G H Building Contractors, Inc. Commissioner Sherman[n] then remarked that I was a corporation, not an individual."[2] Thus, although the decision states that the parties "stipulated" that Casperson "d/b/a G H Building Contractors" was Sutela's employer, there clearly is a triable issue of fact as to whether Sutela was employed by Casperson as an individual or the corporate entity G H Building Contractors.
The second reason the relevant paragraph of the commissioner's decision is not dispositive is that it is not clear that the commissioner made a specific finding that Sutela was employed by Casperson as an individual. For example, later in the same paragraph referred to above, the commissioner refers to the defendant as an entity, stating that "[t]he said respondent-employer failed to insure its Connecticut workers' compensation liability on June 5, 1992 . . . ."[3] (Emphasis supplied.)
There is a genuine issue of material fact as to who Sutela's employer was which precludes summary judgment. If Sutela was employed by the corporate entity G H Building Contractors — as Casperson alleges in his affidavit — the plaintiff would not be entitled to judgment as a matter of law against Casperson individually. This is indeed a factual issue which is better suited for resolution by a jury.
The motion for summary judgment is, accordingly, denied.
Moraghan, J. CT Page 7567