[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS'MOTION TO RELEASE PREJUDGMENT REMEDY ATTACHMENT
The sole issue before the court in this motion is whether the plaintiff, a creditor of the defendant Michelle Sardelli can reach two bank accounts owned by Michelle Sardelli and his granddaughter, Lisa Sardelli. The accounts are joint with the right of survivorship between the owners. For the purposes of this motion, the plaintiff has stipulated that the funds in these accounts are the funds of Lisa Sardelli, inasmuch as they were deposited by her grandfather and mother for her benefit.
General Statutes § 36a-290 (a) (formerly § 36-3) governs the legal status of joint accounts. The statute, as it relates to the issue in this motion, states in part, ". . . any part or all the balance of such account, including any and all subsequent deposits or additions thereto, may be paid to any of suchpersons during the lifetime of all of them . . ." (emphasis added).
The statute, and its relationship to the issue here, was discussed in Masotti v. Bristol Savings Bank,43 Conn. Sup. 360, 364 (1994), affd. 232 Conn. 172, 174-75 (1995).
In the trial court opinion, (Berger, J.), the court noted that the defendant bank had a right of set-off except if the funds were special purpose funds. Such funds are those where a depositor has limited dominion and control. Rosa v.Colonial Bank, 207 Conn. 483, 494-95 (1988).
The supreme court endorsed Judge Berger's reasoning in holding that in Masotti, the funds were not special purpose funds, inasmuch as they were not unavailable to the coholder, but on the contrary were fully available to the coholder.
In The Cadle Co. v. Corillo, 17 Conn. L. Reptr. 126 (May 20, 1996, Sheldon, J.), Judge Sheldon, citing Masotti andPeoples Bank v. Atwood, 8 Conn. L. Reptr. 562, (April 8, 1993, Klaczak, J.), held that such joint funds, except those CT Page 4419 designated in special accounts, were reachable by a creditor of a non-debtor. See also Cruz v. Waterbury Hospital,
15 Conn. L. Reptr. 323 (Nov. 15, 1995, Pellegrino, J.).
Although the superior court is divided on this question, this court believes that the opinions cited above represent the law in Connecticut.
The cases cited by the defendants are inapposite, as they fail to distinguish joint bank accounts from joint tenancies in real estate which are governed by an entirely different statute. See General Electric v. Jones, 1996 WL 502186 (1996) (Stevens, J.) and Brae Asset Fund v. Kador, 3 Conn. OPS 156 (Stevens, J.).
This court therefore holds that, in Connecticut, funds held on deposit in a joint account, though currently "owned" by one depositor are subject to garnishment process against the other account owner or depositor who is a defendant in that action unless there is a showing that such account is unavailable to that coholder.
Inasmuch as there is no such claim in this case, the motion to release the prejudgment remedy attachment is denied.
Freed, J.