[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff husband alleges in count one of his revised complaint that the defendant son converted property belonging to the plaintiff as well as property that the plaintiff held jointly with his wife. The second count alleges that the defendant borrowed the property with the intent not to return it. The wife is alleged to have given the defendant access to the property. The wife has not been named a defendant and is now deceased. The defendant has moved to strike counts one and two on two grounds: 1. the wife is a necessary party; and 2. the complaint does not state a claim as to the joint property.
The defendant claims that the wife's estate is needed as a defendant to give complete relief to the claims of the plaintiff. The court disagrees. There is no reason why the plaintiffs claims against the defendant cannot be resolved without the presence of the wife's estate. Obviously the parties will have to bring out the role of the wife in this affair, but this does not necessitate her being a party. See Biro v.Hill, 214 Conn. 1, 5-6 (1990).
With regard to the second ground for the motion to strike, in order to succeed on a claim that the plaintiff converted funds from a joint account, the plaintiff must allege that the wife was subject to undue influence in turning the funds over to the defendant. See, e.g., Bertyv. Gorelick, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 93 0309103 (August 7, 1996, Grogins, J.). The plaintiff must make the allegation of undue influence because, as a general rule, the entire fund in a joint account may be withdrawn by either depositor, and the entire amount in the account is subject to the rights of third parties against either depositor. Cadle Co. v. Carillo, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 91 0504043 5 (May 20, 1996, Sheldon, J.) citing Masotti v.Bristol Savings Bank, 43 Conn. Sup. 360 (1994), aff'd per curiam,232 Conn. 172 (1995). Judge Sheldon's decision was affirmed as Fleet BankConnecticut, N.A. v. Carillo, 240 Conn. 343 (1997). CT Page 14512
Here in count one, paragraph 12, the plaintiff merely alleges that the defendant convinced the wife to transfer the joint assets to him for his own gain. This is an insufficient allegation to state a cause of action for conversion of the joint assets. Therefore the court denies the motion to strike on the ground that the wife is a necessary party, but grants the plaintiffs motion to strike paragraphs six, seven and eight in their entirety and strikes the terms "joint assets" or "joint accounts" from paragraphs nine, ten, twelve and thirteen of the First Count and paragraph twelve of the Second Count for failure to state a claim.
So ordered.
___________________ Henry S. Cohn CT Page 14513