**CONSTRUCTION SERVICES OF SAMOA, INC., MORU MANE and SALLIE MANE, Plaintiffs,**

**v.**

**BANK OF HAWAII, TONY'S CONSTRUCTION and SILA POASA, Defendants.**

High Court of American Samoa
Trial Division

CA No. 21-02

January 28, 2004

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala`ilima and Marie Lafaele
 For Defendant Bank of Hawaii, Roy J.D. Hall, Jr.
 For Defendants Tony's Construction and Sila Poasa, Frederick J. O'Brien

### ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Bank of Hawaii ("BOH") moves, pursuant to T.C.R.C.P. 56, for summary judgment or, in the alternative, partial summary judgment on the complaint of Plaintiffs Construction Services of Samoa, Inc. ("CSS"), Moru Mane ("Moru") and Sallie Mane ("Sallie") (collectively "Plaintiffs").[1] For the reasons stated below, we grant in part BOH's motion for partial summary judgment.

■ BOH moves for summary judgment or, in the alternative, partial summary judgment with respect to counts one through five and nine of Plaintiffs' complaint. According to T.C.R.C.P. 56(c), summary judgment is appropriate when the pleadings and other supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then affirmatively show there is a genuine issue for trial. *Id.* at 324. "[A]ll inferences are construed in a light most favorable to the non-moving party." *Am. Samoa Power Auth. v. Nat'l Pac. Ins. Co.*, 30 A.S.R.2d 145, 146-47 (Trial Div. 1996); *see also Pal Air Int'l, Inc. v. Porter*, 30 A.S.R.2d 104, 105 (Trial Div. 1996).

■ A motion for partial summary adjudication should be considered pursuant to T.C.R.C.P. 56(d). *See, e.g., Wing Hop Lee, Ltd., v. Soo*, 30

---

[1] We note that Defendant Sila Poasa ("Sila") filed a separate motion for partial summary judgment. We address Sila's motion by separate order.

A.S.R.2d 76, 77 (Trial Div. 1996). The standard for determining a Rule 56(d) motion is identical to the standard used for determining a motion brought under Rule 56(c). *Aurelio v. R.I. Dep't of Admin.*, 985 F. Supp. 48, 53 (D. R.I. 1997). Using these standards, we turn to the merits of the instant motion.

## Count One – Conversion

BOH argues that Sila, as loan guarantor, redeemed an excavator from BOH after BOH had repossessed the excavator following Plaintiffs' default on a loan. Sila was a guarantor on the loan between BOH and CSS that pledged the excavator and its accessories as the collateral. BOH argues that it is not liable for conversion because it acquired and disposed of the excavator through lawful means. Plaintiffs argue (and a review of the pleadings and documents demonstrates) that there is a factual dispute as to whether Sila purchased the excavator from BOH in a private sale or whether he redeemed it as the guarantor of the loan. This factual determination may affect BOH's liability on this count. As such, we decline to grant BOH summary judgment on count one.

## Count Two – Breach of Duty to Return Collateral

BOH also seeks summary judgment on count two of Plaintiffs' complaint, which alleges that BOH breached its "implied contractual duty" in the security agreement to return the collateral to CSS upon the discharge of the debt. We cannot find any sort of "implied" duty in the security agreement that obligates BOH to return the collateral to CSS when a loan guarantor discharges the debt and redeems the collateral.

Indeed, assuming Sila is found to have redeemed the collateral as a loan guarantor, Plaintiffs' allegations, with no citation to authority, that BOH had to return the excavator to CSS after Sila fulfilled the loan obligations, are simply wrong. There is no language to this effect in the security agreement nor does the law support this argument. (*See* Security Agreement/Chattel Mortgage *passim.*) *See also, e.g.,* HAW. REV. STAT. ANN. §§ 490:9-618; 9-623 (West 2004).[2] As such, we grant BOH's motion for summary judgment on this claim.

---

[2] We note that American Samoa has not adopted the Uniform Commercial Code ("UCC"). *See Theo H. Davies & Co. v. Pac. Dev. Co.*, 6 A.S.R.2d 5, 8 (Trial Div. 1987). However, Hawaii has adopted the UCC and the parties to the security agreement agree that the applicable law is the law of American Samoa "and in the absence of applicable law, Hawaii law." (*See* Security Agreement/Chattel Mortgage ¶ P.)

## Count Three – Breach of Notice

In count three of their complaint, Plaintiffs allege that BOH failed to give them proper notice before disposing of the excavator. This count depends on whether the disposition of the excavator is characterized as a sale to Sila or as a redemption by him. If Sila redeemed the excavator in his capacity as guarantor, BOH did not fail to give notice. However, if BOH sold the excavator to Sila in a private sale after notifying Plaintiffs of a public sale, the notice issue would be a question of fact.

BOH argues that even if it did violate a notice requirement, Plaintiffs have not suffered any recoverable damages. We disagree. BOH is correct that if it did not give proper notice, it may not recover any deficiency from the Plaintiffs. However, Plaintiffs may have been entitled to any surplus from the sale. HAW. REV. STAT. ANN. §§ 490:9-625(b), (d) cmt. 3 ("Assuming no double recovery, a debtor whose deficiency is eliminated under section 9-626 may pursue a claim for a surplus."); *id.* 9-615 (f) (discussing how to calculate the surplus). As such, we deny summary judgment on this count.

## Count Four – Breach of Duty to Account

BOH argues that that there "is no obligation on the part of BOH to account if it retains the collateral in full satisfaction of the indebtedness." This may be true but is irrelevant in the instant action. BOH did not choose to retain the collateral; instead, it chose to dispose of it via private sale or redemption by a guarantor. In either of these circumstances, BOH likely had a duty to account. HAW. REV. STAT. ANN. § 490:9-210.

BOH also argues that even if it did fail to account, Plaintiffs cannot recover the statutory $500.00 remedy because they have sustained no other damages.[3] We believe whether Plaintiffs have sustained other damages is a question of fact. Accordingly, we deny summary judgment on this count.

---

[3] In support of this argument BOH cites to *Anderson on the Uniform Commercial Code.* Unfortunately, we do not have this authority in our library nor do we have online access to it. If BOH wants to rely on authorities that are not easily accessible for the Court, we suggest attaching the relevant pages and title pages of such authorities to the memorandum of law. We also note that both parties cite to relevant sections of the Hawaii Revised Statutes. We are able to access these online; however, Plaintiffs have cited to the previous version of these laws causing us to spend time searching for the updated and renumbered provision and leaving Plaintiffs citing provisions that have been significantly altered.

## Count Five – Conversion of Sallie's Funds

Plaintiffs allege that BOH converted Sallie's funds when it used money from Sallie and Moru's joint checking account towards the outstanding loan balance. BOH argues that it was exercising its well-established right to set off funds by applying money from the Manes' joint account toward the loan balance.

■ We agree with BOH that "when a depositor is indebted to the bank, the bank is justified in using a self-help set-off against the depositor's account in order to extinguish the debt." *American Samoa Gov't Employees Fed. Credit Union v. Sele*, 28 A.S.R.2d 21, 24 (Trial Div. 1995); *see also Collums v. Union Planters Bank, N.A.*, 832 So.2d 572, 576 (Miss. Ct. App. 2002). Indeed, in the Continuing Guaranty, Moru agreed BOH could use the set-off process against his checking or savings accounts. (*See* Continuing Guaranty ¶ 15.) However, BOH offers no case law or facts to demonstrate that it was allowed to set off funds from Sallie and Moru's *joint* account. BOH did not argue that Sallie had any sort of contractual agreement with BOH that would allow it to set off her funds in the joint account. Moreover, the authorities differ on whether a creditor can set off funds in a joint account. *See, e.g.,* 10 AM. JUR. 2D *Banks and Financial Institutions* § 878 (1997) ("[A] bank has no right to set off against a deposit in the names of two persons . . . save to the extent to which its debtor is shown to be the actual owner of the moneys deposited."); *but see Masotti v. Bristol Savings Bank*, 653 A.2d 836, 838 (Conn. Super. Ct. 1994), *aff'd*, 653 A.2d 179 (Conn. 1995) ("The coholders of a joint account are considered owners of the entire account and either may withdraw."). Therefore, we deny BOH summary judgment on this count.

## Count Nine – Intentional Infliction of Emotional Distress

BOH also seeks summary judgment with respect to Plaintiffs' claim for the intentional infliction of emotional distress ("IIED"). Plaintiffs allege that BOH caused them "extreme emotional distress" by releasing the excavator to Sila. BOH seeks summary judgment arguing that the release of the excavator was not the sort of conduct necessary to support a claim of IIED and that it did not intend to cause the Manes emotional distress by releasing the excavator to Sila.

■ We agree with BOH that the alleged conduct falls short of what is required for a claim of IIED. In an IIED case, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability." RESTATEMENT (SECOND) OF TORTS § 46 (1965). BOH's disposition of the excavator after the repossession, whether by sale or by redemption, was not extreme or outrageous conduct. *See, e.g., Hamilton v. Ford Motor Co.,*

502 A.2d 1057, 1064 (Md. Ct. Spec. App. 1986) (commenting that in order to be extreme or outrageous the "conduct must completely violate human dignity"). Indeed, Plaintiffs have offered no evidence in response to BOH's motion to demonstrate that BOH's actions met the IIED standard. Moreover, Plaintiffs have offered no evidence to show that BOH intended to cause them emotional distress by the release of the excavator. *See Bi-Rite Petroleum, Ltd. v. Coastal Ref. & Mktg., Inc.*, 282 F.3d 606, 609 (8th Cir. 2002) (affirming trial court's grant of summary judgment on IIED claim when "[t]here was no testimony that [Plaintiff] was targeted for outrageous conduct; that outrageous conduct took place; or even that [Defendant] was the sole cause of her alleged distress"). Accordingly, we grant BOH summary judgment on this claim.

### Order

Defendant BOH's motion for summary judgment is granted in part. BOH is entitled to summary judgment on counts two, five and nine of Plaintiffs' complaint. With respect to the remaining counts against BOH, summary judgment is denied.

It is so ordered.